## 63178. WATERS v. THE STATE.

Shulman, Presiding Judge.

Appellant was found guilty of the aggravated assault of James Keller and the kidnapping, rape, and armed robbery of Agnes Keller. On appeal, he asserts the general grounds and enumerates as error the denial of his motion for a directed verdict on the armed robbery count. Finding no merit whatsoever to appellant's enumerations of error, we affirm his convictions.

The victims testified that, while on their way from Kentucky to Florida, they had parked on the shoulder of an interstate highway near Atlanta to rest. Two men approached their parked car, shot Mrs. Keller in the knee, and assaulted Mr. Keller with the butt of a gun as he attempted to get out of the car. One of the assailants drove the Keller car (with Mrs. Keller still in it) away, and his accomplice followed in another car. Mrs. Keller testified that she was forcibly removed from the automobile and raped by both men in a roadside gully. From there, she saw one of the men remove the Keller cooler from the automobile and subsequently she discovered that her purse and her husband's billfold were also missing. Both victims positively identified appellant as one of their assailants.

Each of appellant's enumerations of error is based on the assertion that the evidence failed to show that any property was taken from the immediate presence of the alleged victim, a requirement under Code Ann. § 26-1902. However, as stated in *Battle v. State,* 155 Ga. App. 541, 542 (271 SE2d 679), "[o]ne's 'immediate

presence' in this context stretches very far, and robbery convictions are usually upheld even out of the physical presence of the victim if what was taken was under his control or his responsibility and if he was not too far distant. [Cit.]" The evidence that the victim, while lying in the gully, was close enough to the car to hear her assailants talking was sufficient proof that the goods were taken from her presence, and the trial court's denial of the motion for a directed verdict on that count was not error. Similarly, that evidence, coupled with the evidence summarized above, amply authorized the jury's determination that appellant was guilty of aggravated assault, kidnapping, rape, and armed robbery beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED MARCH 9, 1982.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Wendy Shoob, Assistant District Attorneys,* for appellee.