A90A0327. MORGAN v. THE STATE.
A90A0509. BLAIR v. THE STATE.
(394 SE2d 639)

BIRDSONG, Judge.

Appellants Blair and Morgan were convicted of armed robbery at a convenience store/service station. In the early morning hours of Christmas Day 1987, the two entered the store and after tricking the attendant on duty to enter the storeroom, Blair tried to hold him inside while Morgan attempted to open the cash register. When the attendant broke out of the storeroom, Morgan struck him in the face with his fist. The attendant was forced back in the storeroom and Morgan used Blair's pocketknife to threaten the attendant that if he did not open the cash register he would be "poked" with the knife. While appellants and the attendant were gathered around the cash register, a pickup truck drove up to the store. The attendant then ran

out of the store and jumped in the back of the truck, yelling for the driver to leave because he was being robbed. As the truck drove away, the attendant saw appellants leave the store and one of them was carrying several cartons of cigarettes.

About an hour later, a police officer on routine patrol in town about twenty miles from the robbery scene followed the car in which appellants were riding because he had received a radio message to be on the lookout for a car of that approximate description. The message he received said to watch for a red 1982 or 1983 Chevrolet Camaro with three people in the car. The car was driven somewhat erratically, and after the officer turned on his blue lights, the car did not stop promptly. When the officer stopped appellants, however, there were four people in the car, not three as he expected.

Upon questioning the car's occupants, the officer received conflicting versions of where the four had been that morning. Thereafter, the officer received additional information by radio about the people at the convenience store and, although not all of the information matched the people he was interviewing, there were similarities: the physical descriptions of the appellants matched, a number of cartons of cigarettes was in the car, and a woman was wearing maroon sweatpants. Because of their information, he requested appellants to accompany him for further investigation. Three of the people from the Camaro rode in the back seats of police cars, and the other drove the Camaro as the middle car in between the two police cars. Appellants were taken to the county jail where they waited until the attendant came to identify them. About two hours later, the convenience store clerk arrived and picked them from lineups as the people who attacked him and took the cigarettes. A later search of their car revealed additional cigarettes and brown gloves which were also taken from the convenience store.

The appellants contend the trial court erred by not granting their motions for severance of their trials, by not granting their motions for directed verdict of acquittals, and by not granting their motions to suppress evidence which they claimed was the product of their being unlawfully detained. *Held*:

*Case Nos. A90A0327 and A90A0509*

1. Both appellants made motions for a directed verdict of acquittal of armed robbery on grounds the convenience store clerk fled the store before the cigarettes and gloves were taken. Appellants maintain therefore that the evidence only showed an attempted robbery of the cash register and a theft by taking of the cigarettes and gloves. The argument relies on the definition of robbery in OCGA § 16-8-41 (a): "A person commits the offense of armed robbery when, with intent to

commit theft, he takes property of another from *the person or the immediate presence of another* by use of an offensive weapon. . . ." (Emphasis supplied.)

It has long been recognized, however, that when perpetrators forcibly cause the victim to be away from the immediate presence of the property at the time it is stolen, the offense of armed robbery can still be committed. See, e.g., *Welch v. State*, 235 Ga. 243, 245-246 (219 SE2d 151); *Clements v. State*, 84 Ga. 660, 661-662 (11 SE 505); *Maddox v. State*, 174 Ga. App. 728, 730 (330 SE2d 911). Further, the concept of immediate presence is broadly construed if the object taken was under the victim's control or responsibility and the victim is not too distant. *Sypho v. State*, 175 Ga. App. 833, 834 (334 SE2d 878); *Waters v. State*, 161 Ga. App. 555, 556 (289 SE2d 21); *Mitchell v. State*, 157 Ga. App. 146, 147 (276 SE2d 658). Since the victim fled the scene after he was threatened with a knife and the property was stolen before he could even drive away, that was sufficient to constitute a theft from his immediate presence. Thus, the trial court did not err by denying appellants' motions for a directed verdict of acquittal.

2. Appellants also both contend that the trial court erroneously denied their motions to sever their trials. The decision of such motion is in the discretion of the trial court (OCGA § 17-8-4), and absent an abuse of discretion the denial of such a motion will not be reversed. *Mapp v. State*, 258 Ga. 273, 274 (368 SE2d 511). The appellants have failed to show that the trial court abused its discretion in denying their motions. Their only claim of prejudice is that they had antagonistic defenses, and that alone is not sufficient to require a severance of their trials. *Stevens v. State*, 165 Ga. App. 814, 815-818 (302 SE2d 724).

### Case No. A90A0327

3. Appellant Morgan contends that the trial court erred in denying his motion to suppress because the evidence seized was the result of an illegal detention. He argues that, although the initial stop by the policeman may have been lawful, this stop became an arrest without probable cause because of the passage of time between the stop and when he was later identified and arrested. Morgan relies on our decision in *DiSanti v. State*, 190 Ga. App. 331, 334 (378 SE2d 729), for this proposition, but compare *Mallarino v. State*, 190 Ga. App. 398 (379 SE2d 210).

Since the trial court's denial of his motion was not based on the fact that there was no arrest until after Morgan's identifications, *DiSanti* is not dispositive here. The trial court specifically found that the arrest was made when Morgan was put in the back seat of the police car, and this was an arrest with probable cause, notwithstanding the

police officer's assertion that he was only detaining Morgan and the others as part of an investigative detention.

When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. *Brown v. State*, 190 Ga. App. 324, 326 (378 SE2d 908). The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. *Ragin v. State*, 192 Ga. App. 686, 687 (385 SE2d 770); *Watson v. State*, 190 Ga. App. 696 (379 SE2d 817). Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them. *Ward v. State*, 193 Ga. App. 137, 138 (387 SE2d 150).

Review of the record of the hearing on the motion to suppress reveals ample evidence supporting the findings. Although the description of the car and the people in it did not exactly match the radio message the officer received, there is no requirement that they do so (see *Cobb v. State*, 244 Ga. 344 (260 SE2d 60); *Creecy v. State*, 235 Ga. 542-543 (221 SE2d 17)), and police officers are authorized to use information received by radio as part of their basis for establishing probable cause. *Parker v. State*, 161 Ga. App. 37, 39 (288 SE2d 852).

Therefore when the information received by radio is coupled with the police officer's observation of Morgan's and the others' physical appearances with the description of the robbers, the cartons of cigarettes, the maroon sweatpants on the woman, the erratic driving and refusal to stop promptly, the various conflicting versions of their activities, and that all this occurred in the early morning hours of Christmas Day when there was little or no other traffic, it is apparent that abundant facts and circumstances existed to cause a reasonably prudent man to conclude that Morgan had robbed the convenience store. *Williams v. State*, 251 Ga. 749, 792 (312 SE2d 40); *Sanders v. State*, 235 Ga. 425, 440 (219 SE2d 768).

Further, considering the totality of the circumstances, the record amply supports the trial court's finding that Morgan was arrested at the scene of the traffic stop when he was no longer free to leave because he was put in the back seat of the police car. *Hughes v. State*, 259 Ga. 227, 228 (378 SE2d 853); *DiSanti v. State*, supra; *Radowick v. State*, 145 Ga. App. 231, 238 (244 SE2d 346). Detention beyond that authorized by a *Terry* stop is an arrest and no formal procedures are required. *Williams v. State*, supra.

Therefore, since the police officer had probable cause to arrest Morgan at the moment he did so, the arrest was valid under both the United States and Georgia Constitutions. *Newsome v. State*, 192 Ga. App. 846, 849 (386 SE2d 887); *Burroughs v. State*, 190 Ga. App. 467 (379 SE2d 175). Accordingly, the trial court did not err by denying

Morgan's motion to suppress.

### Case No. A90A0509

4. Appellant Blair contends the trial court erred by finding that he lacked standing to move to suppress the evidence seized in Morgan's car. The record shows that Blair had no ownership or possessory interest in the car, had no property in the car, and was just a passenger in the car. The Fourth Amendment right against unreasonable search and seizure may not be asserted vicariously, and one who merely claims to be aggrieved by an illegal search and seizure because the evidence is to be introduced against him has no standing to object. *Delgado v. State*, 192 Ga. App. 356, 357 (384 SE2d 680). As a mere passenger in the car, Blair had no standing to raise this issue. *Mecale v. State*, 186 Ga. App. 276, 277-278 (367 SE2d 52). Accordingly, the trial court did not err.

*Judgments affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 25, 1990.

*Bailey & Bearden, J. Lane Bearden*, for appellant (case no. A90A0327).

*Millard G. Gouge*, for appellant (case no. A90A0509).

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.