A92A2407. WILSON v. THE STATE.
(428 SE2d 433)

BLACKBURN, Judge.

David George Wilson was charged with two counts of armed robbery and one count each of aggravated assault; possession of cocaine with intent to distribute; possession of a firearm during the commission of a crime; and possession of a firearm by a convicted felon. He was convicted of aggravated assault, simple possession of cocaine, and one count of armed robbery, and acquitted of the remaining charges. He appeals from the denial of his motion for new trial.

1. Appellant first contends the evidence was insufficient to support the verdict of guilty on the charge of armed robbery. Construed to uphold the conviction, the evidence adduced at trial revealed that at about 8:00 p.m. on the night of May 13, 1991, Tracie Blankenship was working as a cashier and money counter at a DeKalb County cafeteria when a man approached her and demanded all the money in the cash drawer. Blankenship testified that the perpetrator, who smelled of alcohol and appeared intoxicated, pulled up his shirt to display what appeared to be an automatic pistol tucked in his waistband. Blankenship then backed out of her booth and went to the manager's office about 500 feet away to report the incident. When she returned moments later, both the man and $570.95 in cash were gone. She identified appellant as the perpetrator. Another witness who had been dining in the cafeteria testified that she saw the man in question lean over the counter and pull cash from the drawer. She and another

diner then followed him outside and wrote down his tag number. Neither of these witnesses saw a weapon.

A notice went out to area police officers and appellant was apprehended shortly afterwards. He had $466 in cash and seven rocks of cocaine at his arrest but had no gun on his person or in his car or apartment. The arresting officer testified that appellant was not interviewed until the next day because he was too intoxicated at the time of his arrest. In his statement, appellant admitted going into the cafeteria and demanding money but denied having a gun.

Appellant's contention that no evidence was adduced that he was the person who took the money is not supported by the record, as the diner testified that she observed a man matching appellant's description reach into the cash drawer and remove money. In addition, Blankenship's testimony that appellant approached her with a gun and demanded money and that he and the money were gone when she returned moments later constitutes circumstantial evidence that appellant took the missing cash. See *Welch v. State*, 235 Ga. 243, 244 (219 SE2d 151) (1975).

Moreover, we reject appellant's contention that the State did not prove a taking "from the person or the immediate presence of another" as required by OCGA § 16-8-41 (a). "One's 'immediate presence' in this context stretches fairly far, and robbery convictions are usually upheld even out of the physical presence of the victim if what was taken was under his control or his responsibility and if he was not too far distant." *Welch*, supra at 245. "The meaning of [taking from the presence of the owner] is, not that the taking must necessarily be from the actual contact of the body, but if it is from under the personal protection that will suffice." (Citation and punctuation omitted.) Id. at 246. Evidence that Blankenship was in charge of the cash drawer from which money was taken while she stepped away briefly to alert her manager was sufficient to show a taking from her "immediate presence." See id. at 245-246; see also *Sypho v. State*, 175 Ga. App. 833, 834 (2) (334 SE2d 878) (1985). The evidence was sufficient to authorize the conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Waters v. State*, 161 Ga. App. 555 (289 SE2d 21) (1982).

2. Appellant's contention that the trial court erred by entering a verdict of guilty on the armed robbery charge and not guilty on the firearms possession charges is without merit. As appellant concedes, the inconsistent verdict rule in criminal cases has been abolished in Georgia, *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), and adoption of appellant's argument would require overruling the Supreme Court's decision in *Milam*, which this court cannot do. Moreover, the verdicts are not necessarily inconsistent. Given that no witness to the cafeteria robbery other than Blankenship saw a gun,

and considering further that she only got a brief glimpse from several feet away, the jury was authorized to conclude that appellant possessed a replica or device having the appearance of a weapon, not an operable gun. While that evidence would be sufficient to support a conviction for armed robbery, see OCGA § 16-8-41 (a), it would not be sufficient to prove violations of OCGA §§ 16-11-131 and 16-11-106.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1993.

*John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Robert M. Coker, Assistant District Attorneys*, for appellee.