## A96A0472. MITCHELL v. THE STATE.
(470 SE2d 771)

BLACKBURN, Judge.

Herman Gene Mitchell a/k/a Cleveland Williams was indicted and tried for the offenses of selling cocaine, possession of cocaine with the intent to distribute, possession of marijuana, possession of a firearm while in the possession of cocaine, and possession of a firearm by a convicted felon. Mitchell was found guilty by a jury of selling cocaine and possession of a firearm by a convicted felon.[1] This appeal followed the denial of Mitchell's motion for new trial.

1. In his first enumeration of error, Mitchell contends the trial court erred in its charge to the jury regarding the proper use of similar transaction evidence.

Although it is undisputed that the trial court gave the exact instruction requested by Mitchell, he contends the trial court erred in including identity as a proper purpose for consideration because it was not identified at the hearing on the motion to suppress as a proper purpose by the State. We find that by requesting the charge as given, Mitchell waived any error brought about by the trial court's use of it. Furthermore, under appropriate circumstances, the issue of identity is a proper purpose for the use of similar transaction evidence. Therefore, by requesting that the trial court include "identity" in the limiting instruction, we find that Mitchell waived any objection to the trial court's inclusion of identity in the charge. "One cannot complain of an error which his own conduct aided in causing." (Citations and punctuation omitted.) *Patterson v. State*, 202 Ga. App. 440, 441 (414 SE2d 895) (1992).

Mitchell contends that because the trial court assured him at the motion to suppress hearing that the proper limiting instruction would be given, he did not waive any error in the trial court's instruction. However, our review of the motion to suppress transcript does not reveal such an assurance. At the hearing, the trial court determined that the same plan, scheme, or design was used in the similar transactions as in the present case. Upon the defendant's notice that he would request limiting instructions, the trial court stated that it would "entertain" such a request. The trial court did not indicate what the jury charge would include. Therefore, Mitchell's argument is without merit.

2. In his second enumeration of error, Mitchell contends the trial

---

[1] Under another indictment (no. Z56822), Mitchell was charged with criminal use of an article with an altered identification number, to which Mitchell pled guilty. Although none of Mitchell's enumerations of error address his guilty plea, by his notice of appeal, Mitchell also attempted to appeal his conviction under this indictment. Mitchell's appeal relating to indictment no. Z56822 was dismissed by this Court as untimely and will not be addressed herein.

court erred in instructing the jury that it could consider his previous convictions and contradictory statements for impeachment purposes because he did not place his character in issue. This issue is controlled adversely to Mitchell by *Sultenfuss v. State*, 185 Ga. App. 47, 49 (5) (363 SE2d 337) (1987), wherein we determined that this charge was not reversible error because there was no such evidence introduced which the jury could use to impeach the defendant. In *Sultenfuss*, this was true, despite the introduction of the defendant's prior drug conviction, because the prior drug conviction was introduced as similar transaction evidence and was accompanied by a charge that limited the jury's consideration of it solely to the enumerated evidentiary purposes, not including impeachment. Id. at 50. As Mitchell's enumeration is controlled by *Sultenfuss*, we find it to be without merit.

3. Mitchell contends the trial court erred by refusing to give his requested jury instruction on the lesser charge of possession of cocaine. "The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense." *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). The Supreme Court in *Edwards* determined, however, that the failure to give a requested lesser included offense charge was not reversible error where, as therein, "it [was] highly probable that the failure to give this charge did not contribute to the verdict." Id.

In the present case, Mitchell argues that because evidence was introduced that he was the manager of the boarding house where the cocaine was found, collected rent for the owner, and checked on the tenants every day, he had constructive possession of the cocaine thereby meriting the charge on the lesser offense of possession. We cannot agree that this evidence established Mitchell's control over the property to the extent required for constructive possession. See *Mitchell v. State*, 150 Ga. App. 44, 47 (256 SE2d 652) (1979) (premises must be "occupied by and under the control of the accused with no equal right of access and occupancy in others"). Furthermore, we find that it was highly probable that the trial court's failure to charge on simple possession did not contribute to the verdict in light of the jury's not guilty verdict on the charge of possession of cocaine with the intent to distribute.

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, C. J., concurs in the judgment only.*

DECIDED APRIL 19, 1996.

*E. Stephanie Stuckey*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney*, for appellee.