## A97A1752. NUNERY v. THE STATE.

(493 SE2d 610)

ANDREWS, Chief Judge.

Michael Haywood Nunery was found guilty by a jury of two counts of selling methamphetamine (OCGA § 16-13-30 (b)); two counts of trafficking in methamphetamine (OCGA § 16-13-31 (e)); and possession of a firearm during the commission of a felony (OCGA § 16-11-106 (b)).

1. Nunery claims the evidence was insufficient to support the convictions.

The State presented evidence of two separate sales of methamphetamine by Nunery to an undercover Georgia Bureau of Investigation (GBI) agent. The GBI agent testified that a friend and former accomplice of Nunery informed him that Nunery was selling methamphetamine and introduced him to Nunery for the purpose of setting up an undercover purchase. The agent testified that on November 22, 1995, Nunery sold him a powdered substance suspected to be methamphetamine for $2,000. A State Crime Lab chemist tested the substance and found that it was a mixture containing methamphetamine with a total weight of 55.1 grams. The agent further testified that on November 30, 1995, Nunery sold him another powdered batch of suspected methamphetamine for $3,000. The crime lab chemist tested this substance and found that it was a mixture containing methamphetamine with a total weight of 55 grams. The State produced audio recordings of both drug transactions made by a portable recording device carried by the GBI agent.

The State also presented evidence that, during a portion of the drug transaction on November 22, 1995, Nunery had a firearm in his possession in violation of OCGA § 16-11-106 (b).

Although Nunery testified and admitted that he sold the substances to the agent on both occasions, he claimed that he lacked the requisite criminal intent to sell or traffic in methamphetamine because he thought the substances were counterfeit and contained no methamphetamine. Nunery testified that the friend who introduced him to the agent approached him with the idea of selling counterfeit methamphetamine and splitting the profits; that the friend brought him what he thought to be counterfeit substances containing no illegal drugs; and that he sold them to the agent believing them to be counterfeit. In support of this defense, Nunery presented evidence of a similar transaction in which he was previously convicted of selling counterfeit drugs. See OCGA § 16-13-30.1.

On appeal, the evidence is viewed in the light most favorable to the jury's guilty verdict. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). The jury, not the appellate court, resolves conflicts in the evidence and determines the credibility of the witnesses. Id. The evi-

dence was sufficient for a rational trier of fact to find Nunery guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We conclude, however, that the convictions on the two counts charging violation of OCGA § 16-13-30 (b) for selling methamphetamine on November 22 and November 30 were lesser included offenses of the convictions for trafficking in methamphetamine on those dates in violation of OCGA § 16-13-31 (e) and, therefore, merged into the trafficking convictions. See *Hancock v. State*, 210 Ga. App. 528, 531-534 (437 SE2d 610) (1993); *Gilbert v. State*, 208 Ga. App. 258, 260-261 (430 SE2d 391) (1993); *Iglesias v. State*, 191 Ga. App. 403 (381 SE2d 604) (1989). The judgment of conviction entered on the guilty verdicts for violation of OCGA § 16-13-30 (b) must be reversed and the sentences imposed as to these two counts vacated. Since both of the sentences imposed on the convictions for violation of OCGA § 16-13-31 (e) were dependent on (concurrent to) a vacated sentence imposed on one of the reversed convictions, the sentences for violation of OCGA § 16-13-31 (e) are likewise vacated and the case remanded for resentencing as to these convictions. *Duffey v. State*, 222 Ga. App. 802, 803 (476 SE2d 89) (1996).

2. Nunery contends that the trial court erred by charging as part of its general charge on various methods of impeachment that a witness may be impeached by proof that the witness has been convicted of a crime involving moral turpitude. He claims this charge may have misled the jury to believe that his testimony could be impeached by evidence of his prior conviction for selling counterfeit drugs to which he testified as similar transaction evidence.

We agree that the trial court erred by giving this charge. Although Nunery testified at trial and admitted his prior conviction for selling counterfeit drugs, this did not place his character in issue. *Howard v. State*, 202 Ga. App. 574, 575-576 (415 SE2d 45) (1992); *Peterson v. State*, 212 Ga. App. 147, 149-153 (441 SE2d 481) (1994). Moreover, the conviction was admitted as similar transaction evidence for the sole purpose of showing common scheme, plan, course of conduct, or motive. Accordingly, a charge on impeachment by a prior conviction was not authorized by the evidence and could not be properly considered by the jury for the purpose of impeaching Nunery's testimony. Id. at 150.

However, after the charge was given on the unavailable method of impeachment, it was followed by instructions as to viable methods of impeachment and by a subsequent charge that Nunery's prior conviction could be considered only for the limited purposes applicable to similar transaction evidence. In the context of the entire charge, the erroneous instruction was no more than a passing general reference and any likelihood of harmful effect was mitigated by subsequent

instructions. *Sultenfuss v. State*, 185 Ga. App. 47, 49-51 (363 SE2d 337) (1987). Considering the charge as a whole and given the overwhelming evidence of Nunery's guilt, we conclude the erroneous charge was harmless because it is highly probable that it did not contribute to the judgment. Id.; *Mitchell v. State*, 221 Ga. App. 183, 184 (470 SE2d 771) (1996); *Peterson*, supra at 150.

*Judgment affirmed in part, reversed in part, and remanded with direction. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 6, 1997.

*Bergin & Collins, Michael E. Bergin*, for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Assistant District Attorney*, for appellee.