A00A0254. PARKER v. THE STATE.
(535 SE2d 795)

ANDREWS, Presiding Judge.

Gerald Parker was convicted of armed robbery by a jury. He was sentenced to a term of life imprisonment. On appeal, Parker raises 13

---

[12] See *Blair*, supra.
[13] Id.
[14] *Sanford*, supra.

points of error. Finding no error, we affirm.

1. Parker first challenges the sufficiency of the evidence to support his conviction.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant . . . no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) ((1979)). *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) ((1991)); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) ((1994)). Conflicts in the testimony of the witnesses, including the State's witnesses, (are) a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311) ((1976)). *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) ((1995)). (Furthermore,) the testimony of a single witness is generally sufficient to establish a fact. OCGA § 24-4-8." (Citations and punctuation omitted.) *Grisson v. State*, 225 Ga. App. 816, 817-818 (484 SE2d 802) (1997).

*Hagood v. State*, 228 Ga. App. 693, 694 (2) (492 SE2d 606) (1997).

Applying this standard to the present case, we find sufficient evidence to support conviction for armed robbery. Kimbrough Dunaway, the victim, testified that Parker stole cash money from the register drawer of the convenience store, located in Emanuel County, where she was working on April 20, 1996. She further testified that, during the course of the theft, Parker produced a knife which he exposed toward her. She allowed Parker to take the money, and he then left the store.

Evidence was also introduced of two similar transactions where Parker robbed stores occupied by lone female clerks. Both of these clerks positively identified Parker as the person who robbed them with a knife. Both of these incidents took place in the months immediately preceding this robbery, and both transpired in a neighboring county.

The State further introduced into evidence a tape of an interview with Parker regarding the robbery. The interview was taped without his knowledge. It was made after Parker had been read his rights and was judged proper and admissible by the trial judge.

The evidence supporting the conviction can be summarized as

follows: (1) The crime took place in Emanuel County, Georgia. (2) Parker was the perpetrator of the crime. (3) Property was taken. (4) The theft occurred in the "immediate presence" of the victim. See *Welch v. State*, 235 Ga. 243 (219 SE2d 151) (1975); *Battle v. State*, 155 Ga. App. 541 (271 SE2d 679) (1980); *Wilson v. State*, 207 Ga. App. 528 (428 SE2d 433) (1993). (5) Parker was in possession of an offensive weapon, a knife. (6) Parker "pulled a knife out" during the commission of the robbery. (7) Based on these facts, a reasonable jury could find the requisite intent on the part of Parker. These facts are sufficient to support a verdict of guilty of armed robbery.

2. Parker's second enumeration is that the trial judge erred in failing to grant a new trial because the judgment was contrary to the weight of the evidence, based on OCGA § 5-5-21 which states: "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."

"A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict." *Ricketson v. Fox*, 247 Ga. 162, 163 (2) (274 SE2d 556) (1981). As noted in Division 1, there is evidence supporting the verdict. The trial court's decision will not be disturbed.

3. Parker's third enumeration is that it was error to allow a police officer to testify in a similar transactions hearing about information he had gathered from witnesses. Hearsay testimony to establish the similarity of other transactions is allowed when given by a law enforcement official who actually investigated and has personal knowledge of the other transactions. *Jackson v. State*, 217 Ga. App. 485 (458 SE2d 153) (1995); *Castellon ·v. State*, 240 Ga. App. 85 (522 SE2d 568) (1999). Also, prosecuting attorneys are permitted to state directly to the court what evidence they are prepared to produce. Such a statement by the prosecuting attorney alone is sufficient in a pretrial hearing regarding the admissibility of similar transactions evidence. *Houston v. State*, 187 Ga. App. 335 (370 SE2d 178) (1988); *Hall v. State*, 181 Ga. App. 92 (351 SE2d 236) (1986). The trial court's decision was correct.

4. Parker's fourth enumeration is without merit. Appellant contends that the trial court committed error in admitting the evidence of similar transactions because the potential prejudice to him exceeded the probative value of the evidence.

Before it can introduce evidence of a similar transaction, the State is required to make three affirmative showings. The State must show: (1) that the evidence is not being introduced for some improper purpose but rather for an appropriate purpose which is an exception to the general rule of inadmissibility; (2) sufficient evidence to show

the accused committed the other offense; and (3) sufficient connection or similarity between the other offense and the crime charged such that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). In a hearing the court found:

> the State seeks to introduce evidence of [similar transactions] to show identity, motive, plan, scheme, bent of mind, and course of conduct, and that . . . outweighs its prejudicial impact. And this is an appropriate purpose. There is sufficient evidence to establish that the accused committed these . . . acts and . . . there is a sufficient similarity between these [acts] and the crimes charged so that proof of the former tends to prove the latter.

We agree and conclude that the evidence was admissible.

The trial court has broad discretion to exclude otherwise admissible evidence if the probative value is outweighed by its tendency to cause undue prejudice, to confuse the issues, to unduly consume time, to mislead the jury, or unfairly surprise the opposing party. *Candler v. Byfield*, 160 Ga. 732, 739 (129 SE 57) (1925); *Ludwig v. J. J. Newberry Co.*, 78 Ga. App. 871, 875 (2) (52 SE2d 485) (1949) (*Ludwig* points out that the mere fact that evidence will harm the case of the opposing side does not show undue prejudice); *Frederick v. State*, 226 Ga. App. 540, 542 (487 SE2d 107) (1997).

Moreover, Parker waived any claim that the potential prejudice exceeded the probative value of the evidence because no objection was made on this ground when the evidence was introduced at trial. When this evidence was introduced, the sole objections were to the similarity of the offenses and as to the form of the jury instructions regarding similar transactions evidence. The matter of undue prejudice was not raised to the trial judge and was not passed upon.

5. In his fifth enumeration of error, Parker asserts that the trial court erred in admitting a videotaped interview by a police officer with Parker. Parker had twice been advised of his *Miranda* rights and consented to an interview with the detective. He was unaware that he was being videotaped. At the hearing for new trial Parker raised this issue but noted:

> I believe the case of the [*Carswell v. State*, 268 Ga. 531 (491 SE2d 343) (1997)], however, which has been rendered by the Supreme Court after we prepared this brief may keep us from raising that issue. I think the Supreme Court is pretty clear that it doesn't matter if the defendant knows he's being videotaped or not, apparently that's not an error.

He was correct. Nonetheless, Parker has raised the issue again on appeal. *Carswell* stated the general proposition that there can be no "reasonable subjective expectation of privacy associated with a suspect's statements made during an interrogation session held in a police station." *Carswell*, 268 Ga. at 533. This holding was directly related to the admission of a videotaped interview of a suspect in the police station without the suspect's knowledge that the interview was being taped. The admission of the videotaped interview was not error.

6. The sixth enumeration is that the trial court erred in admitting the tape because it contains information regarding drug use and past domestic problems thereby putting Parker's character in issue.

While it is generally true that the defendant's character cannot be put in issue in a criminal case unless the defendant chooses to put character in issue, material evidence does not become inadmissible simply because it incidentally places the defendant's character in issue. *Hall v. State*, 264 Ga. 85 (441 SE2d 245) (1994); *Moss v. State*, 148 Ga. App. 459 (251 SE2d 374) (1978). Further, this evidence was independently relevant as it, at a minimum, explained the defendant's motive. *Hall*, 264 Ga. at 86. In light of this standard, we cannot say that the admission of the videotape and its contents improperly put the defendant's character in issue. There was no error.

7. In his seventh enumeration of error, Parker claims that the trial court committed error in admitting State's Exhibit 10. That exhibit, however, was not admitted into evidence because the trial judge refused the State's request to admit it.

8. The eighth enumeration of error is that the trial judge committed error in the jury charge regarding similar transactions. Parker urges that the jury charge of the trial judge was deficient with regard to similar transactions because it failed to properly inform the jury that, in order to consider similar transactions, it must first determine that the defendant was the perpetrator of the separate offenses and that the similarities between the transactions must be such that proof of the former tends to prove the latter. There was no error. The trial court gave the jury the applicable pattern charge which has been held to be sufficient. *Farley v. State*, 265 Ga. 622, 626 (3) (458 SE2d 643) (1995) (upholding the pattern charge).

Furthermore, with regard to similarity, the court made a specific finding that these transactions were sufficiently similar to be admitted into evidence. At that same time, the judge ruled that the State had made the three affirmative showings required by *Williams*, 261 Ga. 640. We find no error with the trial judge's jury charge regarding similar transactions.

9. The ninth enumeration of error is that the trial judge improperly admitted into evidence a photographic lineup which included

Parker, because the pretrial identification procedure was impermissibly suggestive. Parker argues that his picture was sufficiently different from the others in the lineup and, thereby, suggested to the witnesses that they should select him.

State's Exhibit 13 was used to identify Parker as the perpetrator of the offenses introduced as similar transactions. Both of the victims of these transactions were shown this lineup separately and both identified Parker. Both were admonished that they did not have to select a person out of the lineup and that the perpetrator may not be in the lineup. The individuals in the photographs, including Parker, were described as being between 5'8" and 5'11" tall, between 155 and 175 pounds, between 32 and 35 years of age, medium complexion, short hair, light facial hair, and all were African-American males.

The trial court properly decided this matter under the standard set forth in *Tiller v. State*, 222 Ga. App. 840 (476 SE2d 591) (1996). That standard states:

> Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. In fact, even where a pretrial identification has been found to be tainted, a subsequent in-court identification is admissible if it does not depend on the prior, tainted identification but has some other, independent basis.

(Citations omitted.) Id. at 841.

Parker does not challenge the actual procedure of the lineup but argues that the difference between his picture and the pictures of the other five men in the lineup is so impermissibly suggestive that it gives rise to a very substantial likelihood of irreparable misidentification. While it is true that Parker does not look identically like the other men in the lineup, admission of the State's Exhibit 13 was not error. Moreover, even if the lineup had been improperly admitted, Parker has shown no harm. The in-court identifications were all based on actual recollection of Parker observed by the witnesses during his interaction with the witnesses.

10. In his tenth enumeration of error, Parker claims that State's Exhibits 11 and 12 (a pack of chewing gum and a lottery ticket, respectively) were admitted without a proper foundation being laid. In Parker's brief to this Court he asserts: "Nowhere in the transcript does it appear that a witness for the State identifies the pack of gum . . . or the lottery ticket. . . . [N]o foundation was ever laid by the State for the introduction into evidence of said items. . . ." The trial

transcript reflects that during the State's examination of the police investigator, the following transpired:

Q. I'm going to show you what's marked State's Exhibit 11.
A. Yes, sir.
Q. Can you identify that, please?
A. Yes, sir. That's one pack of Wrigley's Juicy Fruit gum.
Q. Okay, how can you — where did you receive that from?
A. I recovered that at the crime scene the night of the incident, which would have been the Time Saver across from the Post Office.
Q. Okay. Has that been in your possession since that time?
A. Yes, sir, it has.

Continuing on:

Q. Okay, do you have State's Exhibit 12 up there?
A. Yes, sir, I do.
Q. Okay. Can you tell us what that is, please?
A. Yes, sir. Exhibit 12 is nothing other than a cash three lottery ticket that I also recovered at the crime scene laying on the same counter that the Juicy Fruit gum was laying on. . . .
Q. Has it been inside your custody since that time?
A. Yes, sir, it has.

An adequate foundation was laid.

Further, when these exhibits were admitted into evidence, no objection was made regarding foundation. Accordingly, the trial judge did not make a ruling on that issue for this Court to review.

11. As his eleventh enumeration of error, Parker claims error in the court's failure to charge the jury on theft by taking as a lesser included offense. Parker is incorrect in asserting that evidence that the victim turned away from the counter for a moment before he reached into the cash register creates a question of fact regarding whether or not the crime was committed in the immediate presence of the victim. There was no evidence introduced at trial to indicate that the victim was ever out of Parker's immediate presence during the commission of the crime. The victim was at all times during the robbery standing behind the counter in an enclosed space in the convenience store. Immediate presence does not mean "within arm's length" or "facing." *Battle*, 155 Ga. App. 541; *Wilson*, 207 Ga. App. 528.

Where the State's evidence clearly warrants a jury instruction on armed robbery and there is no evidence of the lesser offense of theft by taking, it is not an error to refuse to charge the jury as to theft by

taking. *Shepherd v. State*, 234 Ga. 75 (214 SE2d 535) (1975); *Sanders v. State*, 135 Ga. App. 436 (218 SE2d 140) (1975). Here, there was no evidence introduced at trial raising the lesser offense and, therefore, no error in refusing the requested charge. *Mitchell v. State*, 221 Ga. App. 183, 184 (3) (470 SE2d 771) (1996).

12. In his twelfth enumeration of error, Parker asserts that the trial court erred by sentencing him under the recidivist sentencing guidelines set out under OCGA § 17-10-7, contending that the trial court should have used the recidivist guidelines set out under OCGA § 16-8-41.

Although Parker argues that OCGA § 16-8-41, itself, contains recidivist provisions, it does not. To the extent OCGA § 16-8-41 deals with recidivism, it references OCGA §§ 17-10-6.1 and 17-10-7. The relevant language, therein, states that: "Any person convicted under this Code section shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7." OCGA § 16-8-41 (d). Therefore, given the timely and appropriate notice of intent to use prior convictions for recidivism purposes, the trial court had no choice but to apply the standards of OCGA § 17-10-7. We find no error.

13. Finally, Parker argues that the use of the recidivism provisions was inappropriate because there was no evidence that he knowingly entered a valid waiver of his constitutional rights at the time of his sentencing for burglary in 1984.

Though we question this argument in light of cases like *Nash v. State*, 233 Ga. App. 75 (503 SE2d 23) (1998) (discussing the effect of the presumption of regularity on convictions based on guilty pleas after judgment has become final) and *Parke v. Raley*, 506 U. S. 20 (113 SC 517, 121 LE2d 391) (1992), we need not address it. Parker questions one of his two prior convictions. He does not contest his 1985 conviction, a felony conviction for terroristic threats. That conviction was, therefore, sufficient to activate the recidivism section used by the trial court in sentencing. See OCGA § 17-10-7 (a) (indicating that conviction of a felony is all that is required for the activation of the provisions of the subsection). The trial court committed no error.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 12, 2000.

*Lovett Bennett, Jr.*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.