**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 2, 2020**

# In the Court of Appeals of Georgia

A19A2360. MERRITT v. THE STATE.

MERCIER, Judge.

Following a jury trial, Jeffery Merritt was convicted of armed robbery, hijacking a motor vehicle, and two counts of aggravated assault. Merritt appeals, arguing that the trial court erred in denying his motion for directed verdict on Count 1 (armed robbery) and Count 2 (hijacking a motor vehicle). We affirm.

The denial of a motion for directed verdict is reviewed under the same standard used to evaluate the sufficiency of the evidence supporting a criminal conviction. See *Williams v. State*, 293 Ga. 750, 752 (1) (749 SE2d 693) (2013). We must consider "whether the evidence, viewed in the light most favorable to the verdicts, would enable a rational trier of fact to conclude beyond a reasonable doubt that the

defendant was guilty of the crimes for which he was convicted." Id. (citations and punctuation omitted).

So viewed, the evidence shows that Merritt was standing outside of the victim's apartment building, folding a metal chair, when the victim left for work at 6:00 a.m. on June 22, 2017. As the victim walked around the building to the parking lot where she had parked her car, Merritt hit her in the back of her head with the chair, knocking her to the ground approximately one car-length away from her vehicle. Merritt took her car key from her hand, then moved behind her.

The victim sat up, revealing her purse that had fallen underneath her. Merritt pulled a gun from his clothing, pointed it at the victim, and demanded the purse, but briefly looked away as a car approached. The victim used that opportunity to flee, hiding behind a nearby wall and calling 911 before she returned to her apartment to wait for the police. When the police arrived less than ten minutes after the attack, the victim discovered that her car was missing from the parking lot.

A few weeks later, a police officer observed Merritt driving the victim's car. Detectives showed the victim a photographic lineup that included Merritt's picture. The victim identified Merritt as her assailant, indicating that she was "[o]ne hundred percent" certain of her identification.

Following the presentation of evidence at trial, Merritt moved for a directed verdict on Count 1 (armed robbery) and Count 2 (hijacking a motor vehicle). The trial court denied the motion, and the jury found Merritt guilty of armed robbery, hijacking a motor vehicle, and two counts of aggravated assault. This appeal followed.

1. An armed robbery occurs "when, with intent to commit theft, [a person] takes property of another from the person or the immediate presence of another by use of an offensive weapon[.]" OCGA § 16-8-41 (a). Count 1 of the indictment alleged that Merritt committed this offense by taking the victim's car "from the immediate presence of [the victim], by use of an offensive weapon, to wit: a handgun[.]" Pointing to the victim's testimony that he took her car key *before* pulling a gun from his clothing, Merritt challenges his armed robbery conviction on appeal. In Merritt's view, the State failed to prove that he used a gun to take the victim's car, entitling him to a directed verdict on Count 1.

We disagree. To support an armed robbery conviction, an offensive weapon "must be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another person which must either precede or be contemporaneous with, and not subsequent to, the taking." *Attaway v. State*, 332 Ga. App. 375, 377 (1) (a) (722 SE2d 821) (2015) (citations and punctuation omitted).

3

In other words, the State must prove beyond a reasonable doubt that use of the weapon "occurred prior to or contemporaneously with the taking." Id. (citation and punctuation omitted). The evidence shows that Merritt took the victim's car key before he used the gun. But he was charged with stealing the victim's vehicle, not her car key. And based on the evidence presented, the jury was authorized to conclude that Merritt took the victim's car *after* he pointed the gun at her. See id. ("[T]he taking is complete once control of the property is transferred involuntarily from the victim to the defendant[.]").

Although the victim was not present in the apartment parking lot when Merritt stole her car, "the concept of immediate presence is broadly construed if the object taken was under the victim's control or responsibility and the victim is not too distant." *Morgan v. State*, 195 Ga. App. 732, 734 (1) (394 SE2d 639) (1990) (citations omitted). Moreover, "[i]t has long been recognized . . . that when perpetrators forcibly cause the victim to be away from the immediate presence of the property at the time it is stolen, the offense of armed robbery can still be committed." *Baldivia v. State*, 267 Ga. App. 266, 269 (1) (599 SE2d 188) (2004). A victim's flight before property is taken, therefore, does not undermine an armed robbery conviction. See id.; *Heard v. State*, 204 Ga. App. 757, 758 (1) (420 SE2d 639) (1992) (armed

4

robbery conviction upheld where "evidence show[ed] the victims were not present when the car was stolen because they were forced to flee into the woods after [the defendant] fired shots and wounded [one of the victims]"); *Maddox v. State*, 174 Ga. App. 728, 730 (1) (330 SE2d 911) (1985) ("The fortuitous escape of [the victim] before he suffered the more direct physical threat of having the shotgun actually pointed directly at his person at the exact moment that the theft was carried out should not serve to absolve appellants from guilt for perpetrating what was an armed robbery of his store.").

Prior to taking the victim's car, Merritt pointed a gun at her, and she immediately fled to a nearby hiding place from which she called the police. A few minutes later, she discovered that her car was gone. These circumstances, particularly the victim's flight after Merritt pointed the gun at her, the fact that she remained in the general vicinity while waiting for police, and Merritt's subsequent possession of the vehicle, supported the jury's determination that Merritt used an offensive weapon to take the victim's car from her immediate presence, as alleged in Count 1 of the indictment. Accordingly, Merritt was not entitled to a directed verdict on the armed robbery charge. See *Baldivia*, supra ("Since the [vehicle] was under [its owner's] control and was stolen after [the defendants] had threatened [the owner] with a gun

5

and forcibly caused her to be away from the immediate presence of the property, that was sufficient to constitute a theft from her immediate presence."); *Morgan*, supra ("Since the victim fled the scene after he was threatened with a knife and the property was stolen before he could even drive away, that was sufficient to constitute a theft from his immediate presence.").

2. We reach a similar conclusion as to Count 2, which charged Merritt with hijacking the victim's vehicle. Pursuant to OCGA § 16-5-44.1 (b) (1), "[a] person commits the offense of hijacking a motor vehicle in the first degree when such person while in possession of a firearm or weapon obtains a motor vehicle from an individual or the presence of another individual by force and violence or intimidation[.]"

The evidence shows that the victim was close to her car when Merritt pointed a gun at her, and he took the vehicle after she fled and hid nearby. Such evidence authorized the jury to conclude that, while in possession of a firearm, Merritt obtained the victim's vehicle from her presence by force and violence, as charged in Count 2. The victim's absence from the parking lot at the time of the taking did not absolve Merritt of this crime. The jury was authorized to conclude that the victim "was not too distant from the vehicle" at the time of the theft. *Kollie v. State*, 301 Ga. App. 534, 541 (4) (687 SE2d 869) (2009) (physical precedent only); see also *Heard v. State*, 287

Ga. 554, 555 (1) (697 SE2d 811) (2010) (citing *Kollie* with approval and employing analysis used for more restrictive "immediate presence" language in armed robbery statute to determine whether vehicle was taken from "the person or presence" of the victim under OCGA § 16-5-44.1 (b)). And as in the armed robbery context, a defendant cannot avoid a highjacking conviction by forcibly causing a victim to be away from his or her vehicle when it is stolen. See *Kollie*, supra. The trial court, therefore, properly denied Merritt's motion for a directed verdict on Count 2. See *Heard*, supra, 287 Ga. at 555 (1); *Kollie*, supra.

*Judgment affirmed. Barnes, P. J., and Brown, J., concur*.