## 71215. COLEY v. THE STATE.
(341 SE2d 9)

CARLEY, Judge.

Police officers received a call from a woman who reported suspicious persons in her neighborhood. When the police arrived at her home, the woman told them that two men driving a burgundy four-door car had twice tried to get her to open her door to them, stating that they had tickets for a basketball game to deliver to her. Both times, she had refused to open her door and asked the men to leave the tickets in the mailbox. This they refused to do. As the police were leaving the scene, they saw two men in an automobile which fit the description they had been given. The officers stopped the automobile and questioned the men. The two offered a suspicious explanation of why they were in the neighborhood. A license check revealed that the driver's license of appellant, the driver of the automobile, was under suspension. Appellant was arrested and the passenger compartment of the car was then searched. Two pistols were found, concealed under the front seat. Appellant was indicted for driving with a suspended license and possession of a firearm after a felony conviction. After his motion to suppress evidence was denied, appellant was tried by the court, sitting without a jury. He was found guilty of both counts and he appeals.

1. Appellant enumerates as error the denial of his motion to suppress and subsequent motion to dismiss. He contends that, at the time the automobile was searched, the officers had no need to protect their personal safety and no reason to suspect that the automobile contained anything subject to seizure. Even assuming that were true, the search would not thereby be rendered illegal. "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768) (1981). See also *State v. Hopkins*, 163 Ga. App. 141 (293 SE2d 529) (1982). Appellant was arrested on the suspended license charge before the passenger compartment of his automobile was searched. The search was therefore legal so long as the arrest itself was legal.

Appellant further contends that his arrest was not legal because

the officers lacked articulable suspicion for initially detaining appellant. " 'The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* [*Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)] recognizes that it may be the essence of good police work to adopt an intermediate response . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.' [Cits.]" *Stiggers v. State*, 151 Ga. App. 546, 547 (260 SE2d 413) (1979). " 'We have repeatedly held that an authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has "reasonable grounds" for such action — "a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." [Cit.]' [Cit.]" *Brooks v. State*, 129 Ga. App. 109, 111 (198 SE2d 892) (1973). In the instant case, the report that the police had received was sufficient to provide reasonable suspicion that appellant was, or was about to be, engaged in criminal activity. The officers were authorized to stop the automobile and question appellant. Therefore, the arrest following a check of his driver's license and the subsequent search were valid.

2. Appellant enumerates the admission of certain evidence, contending that it tended to place his character in issue. The evidence was to the effect that one of the pistols found in the automobile was stolen and that appellant claimed to have bought it from a man on the street without knowing it was stolen. This evidence was admitted solely for the purposes of proving appellant's knowing possession of the weapon. Where evidence is introduced for some relevant purpose, the fact that it incidentally places character in issue will not render it inadmissible. *Tuzman v. State*, 145 Ga. App. 761, 762 (244 SE2d 882) (1978). The evidence being relevant to prove appellant's knowing possession of the pistol, it was not error to admit it.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 23, 1986 —
REHEARING DENIED FEBRUARY 5, 1986.

*Earnie R. Breeding*, for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, James W. Richter, Assistant District Attorneys*, for appellee.