## 72507. BELL v. THE STATE.
### (347 SE2d 725)

SOGNIER, Judge.

Bell appeals from his conviction of carrying a concealed weapon, carrying a pistol without a license and aggravated assault on a police officer in the performance of his official duties.

1. Appellant contends the evidence is not sufficient to support the verdict. About 11:00 p.m. a police officer stopped appellant and his brother, who were standing on a street corner, because they matched the description of two men who had been acting suspiciously in a grocery store a few minutes earlier. When the officer asked for identification appellant reached into a shaving kit he was carrying and started to pull out a loaded .22 calibre revolver. The officer was shining a flashlight into the kit and saw appellant's finger on the trigger, so the officer grabbed the kit and a struggle ensued. The officer succeeded in getting the kit away from appellant with the gun still in it, and appellant and his brother were then taken into custody.

Appellant testified and admitted that he was carrying a loaded, concealed weapon without a permit, but denied reaching for the gun or starting to remove it from the kit. Appellant testified that he reached into the kit to get his wallet after the officer asked for identification. The officer testified that appellant's wallet was in his rear pocket.

We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal on the charge of aggravated assault on a peace officer in the execution of his duties, which appellant contends in a separate enumeration was error. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends the trial court erred by denying his motion to suppress evidence of the gun because the police officer's actions amounted to more than a brief investigatory stop. This enumeration

of error is without merit.

A police officer is allowed to make a brief investigatory stop of a person if the officer has a reasonable, articulable suspicion of unlawful activity. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). Here, the officer had been advised that two persons fitting the description of appellant and his brother had acted suspiciously in a grocery store a few minutes earlier, causing the manager to believe that a robbery might be committed. Thus, the officer was justified in asking appellant and his brother for identification. When appellant started to pull a loaded revolver out of his shaving kit instead of providing identification, the officer was authorized to seize the weapon for his own protection, since officers are not required to take unnecessary risks in the performance of their duties. Id. A trial court's decision on questions of fact and credibility of witnesses at a suppression hearing must be accepted unless clearly erroneous, *Pittman v. State*, 162 Ga. App. 51, 52 (2) (289 SE2d 531) (1982), and we find no error here.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 16, 1986.

*L. James Weil, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, J. Russell Mayer, Assistant District Attorneys*, for appellee.