A89A0740. STANLEY v. THE STATE.
(382 SE2d 686)

SOGNIER, Judge.

Sam Stanley was convicted of trafficking in cocaine and possessing a firearm during the commission of a felony, and he filed this appeal.

1. Appellant enumerates the general grounds. The record reveals that Officers H. C. Ewing and R. L. Summerlin of the Atlanta Police Department were participating in the operation of a roadblock in southeast Atlanta on the night of May 16, 1988, when they observed appellant drive toward the roadblock, stop abruptly, and back approximately six to eight car lengths down the street away from the roadblock. Ewing and Summerlin chased appellant on their motorcycles and cited him for improper backing. Both officers testified that as appellant emerged from the car, they smelled alcohol on his breath and noticed that his eyes were bloodshot and that he was unsteady on his feet, and as a result they arrested him for DUI and read him the implied consent rights. Summerlin testified that upon making a visual search of the car interior he discovered a gun partially concealed under the front seat and on the floorboard a plastic bag filled with smaller bags containing what appeared to be cocaine. He testified further that while inventorying the contents of the vehicle according to the procedure for impoundment, he opened the trunk and discovered additional plastic bags filled with a chunky white powder and $155 in cash. A forensic chemist from the State crime lab testified that the bags contained a total of 33.9 grams of 35 percent cocaine. Appellant testified that he had borrowed the car from his nephew, Michael Stanley, without examining its contents, he did not back up when he saw the roadblock, he had not been drinking, and he had no knowledge of the cocaine found in the car. A police investigator testified that the car was registered in the name of Linda Diefendoff.

Given that the credibility of witnesses and the weight to be accorded their testimony is for the jury, *Herndon v. State*, 187 Ga. App. 77, 78 (4) (369 SE2d 264) (1988), we find the evidence sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also contends the trial court erred by denying his motion to suppress the evidence seized in the search of the car on the ground that the officers did not have a particularized suspicion of criminal activity when they stopped appellant and thus his arrest and subsequent search were illegal. We do not agree.

" ' "We have repeatedly held that an authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has 'reasonable grounds' for such action — 'a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.' (Cit.)" (Cit.)' [Cit.]" *Coley v. State*, 177 Ga. App. 669, 670 (1) (341 SE2d 9) (1986). In the instant case, appellant's evasive action upon seeing a police roadblock and his backing of the automobile in apparent violation of OCGA § 40-6-240 (a) were "sufficient to provide reasonable suspicion that appellant was, or was about to be, engaged in criminal activity. The officers were authorized to stop the automobile and question appellant. Therefore, the arrest following [observation of appellant's behavior consistent with DUI was] valid." Id.; see *Herkert v. State*, 177 Ga. App. 610 (1) (340 SE2d 251) (1986). Consequently, the search of the passenger compartment of appellant's car was authorized as a contemporaneous incident of a lawful custodial arrest, *Coley*, supra at 669 (1), and the inventory search of the trunk as part of the impoundment process also was valid. *Garner v. State*, 154 Ga. App. 839, 840-841 (1) (269 SE2d 912) (1980). Appellant's contention that impoundment of the vehicle was improper because an unidentified person arrived at the scene to take custody of the vehicle is without merit, as there is no evidence this person arrived before the car was impounded or that he or she owned the car. Further, "a police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that." *Mooney v. State*, 243 Ga. 373, 375 (254 SE2d 337) (1979). Accordingly, we find the trial court did not err by denying the motion to suppress. See *Coley*, supra at 669-670 (1).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 19, 1989.

*M. Muffy Blue*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, John M. Turner, Joseph J. Drolet, Assistant District Attorneys*, for appellee.