A90A0789. WILSON v. THE STATE.
(397 SE2d 744)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of two counts of violation of the Georgia Controlled Substances Act (possession of cocaine with intent to distribute and possession of less than one ounce of marijuana) and of carrying a concealed weapon. The sole enumeration of error complains of the denial of defendant's motion to suppress. *Held*:

Shortly before midnight on November 10, 1988, officers of the Cobb County Police Department were dispatched by radio to investigate a threat to kill a confidential informant for the Marietta-Cobb-Smyrna Drug Unit. An officer testified that he was informed by radio that a person outside a specified address in a "Camaro or Firebird" was armed with a forty-five automatic and had threatened to kill and was intending to kill the [informant]."

At the specified address the officers found a "Pontiac Firebird, silver in color," with two people in the vehicle. When the officers acti-

vated the police vehicle's blue lights and approached the Firebird, the female driver started the engine and attempted to drive away at a high rate of speed. After a police vehicle blocked the path of the Firebird, the driver attempted to go around the patrol vehicle but after a second patrol vehicle further blocked its path the Firebird was stopped.

After the officers ordered the occupants out of the Firebird there was a great deal of hesitation and during this interval the officers heard the female driver speaking to defendant, who was the passenger in the Firebird, and saying "Don't do it . . . just get out of the car. Don't do anything. Get out of the car." Finally, after a minute or two, defendant leaned over in the passenger's seat and was momentarily out of the officers' sight, before leaning back up and getting out of the Firebird. A pat down was done on the defendant and ammunition for a forty-five caliber pistol was found in his coat pocket.

At this time, the officers also had the driver get out of the vehicle. After the driver was unable to produce proof of insurance and stated that she did not think the vehicle was insured, and defendant acknowledged that he owned the Firebird, both were arrested.

Following the arrests, an officer looked under the passenger seat and found a forty-five caliber pistol. The Firebird was impounded, and cocaine and marijuana were found in the trunk during an inventory of the vehicle.

The initial investigatory stop of the Firebird was authorized since it was based on specific, articulable facts sufficient to give rise to a reasonable suspicion that the occupants of the vehicle were, or were about to be, engaged in criminal activity. Probable cause is not required to authorize such a brief investigatory stop. *Kettman v. State*, 257 Ga. 603, 606 (9) (362 SE2d 342); *Evans v. State*, 183 Ga. App. 436, 437 (2), 439 (359 SE2d 174); *Bell v. State*, 179 Ga. App. 790 (2) (347 SE2d 725); *Coley v. State*, 177 Ga. App. 669 (1), 670 (341 SE2d 9).

The subsequent arrests were proper since the officers had acquired probable cause to believe that both the driver and defendant were in violation of various provisions of OCGA § 33-34-12. This statute requires that proof of insurance coverage be kept in a vehicle while it is in operation and provides criminal sanctions for failure to show the required proof or authorizing another to operate the vehicle without insurance or the required proof thereof.

The search of the passenger compartment of the automobile was authorized by the arrest of the recent occupants of the vehicle. *State v. Tinsley*, 194 Ga. App. 350 (1) (390 SE2d 289); *State v. Watkins*, 182 Ga. App. 431, 433 (356 SE2d 82); *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221); *Coley v. State*, 177 Ga. App. 669 (1), supra.

Defendant argues for the first time on appeal that the impound-

ment of the Firebird was improper since defendant and the driver were not consulted concerning their preferences regarding disposition of the vehicle. See *Strobhert v. State*, 165 Ga. App. 515 (301 SE2d 681); *State v. Darabaris*, 159 Ga. App. 121 (282 SE2d 744). However, this contention extends beyond the boundaries of defendant's motion to suppress which questioned the existence of probable cause for the arrest of defendant but did not raise any issue directly concerning the impoundment of the vehicle. OCGA § 17-5-30 (b) requires that a motion to suppress evidence "state facts showing that the search and seizure were unlawful." Unless defendant has satisfied this requirement the State is under no duty to present evidence in rebuttal. *Smith v. Hopper*, 240 Ga. 93, 95 (3) (239 SE2d 510). Therefore, defendant's failure to raise the issue in his motion to suppress relieved the State of any burden of proving that the impoundment of the vehicle, after defendant's legal arrest, was proper. *Hunter v. State*, 249 Ga. 114, 115, 116 (2) (288 SE2d 214).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1990.

*James W. Bradley*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.