## A99A1966. POLKE v. THE STATE.
(528 SE2d 537)

RUFFIN, Judge.

Alva Lee Polke was convicted of possession of cocaine with intent to distribute and possession of cocaine with intent to distribute within 1,000 feet of a housing project. He appeals, contending that the evidence was insufficient to support the verdict and that the trial court erred in denying his motion to suppress. For reasons discussed below, we affirm.

1. On appeal of a criminal conviction, we view the evidence in the light most favorable to support the verdict, and the defendant is no longer entitled to a presumption of innocence. We do not weigh the evidence or determine the credibility of witnesses but simply determine whether the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the offenses charged.[1]

In late March 1998, the Vidalia police received several anonymous telephone calls stating that Polke was selling drugs from a residence in a housing complex. The police investigated Polke and placed him under surveillance. During the investigation, the police learned that Polke's driver's license had been suspended.

On April 9, 1998, Officers Billy Young and Clint Kennedy saw Polke and another man walking down the street. A few minutes later, they observed Polke and the other man get into a car and drive off, with Polke driving. Because they knew that Polke's driver's license had been suspended, they radioed another officer, James Metts, and asked him to stop Polke's car. Metts stopped the car as it pulled into a parking lot. Polke admitted that his driver's license was suspended, and Metts placed him under arrest for driving with a suspended license. Another officer on the scene searched Polke and found $1,500 in cash in Polke's pocket. Officers Young and Kennedy arrived at the scene while Polke was being searched. They searched the vehicle and found a clear plastic container in a pocket of the passenger door. Inside the container were ten pieces of crack cocaine, which Officer Young described as "twenty-dollar rocks." Young, who was tendered as an expert in the field of narcotics investigation, testified that the number and size of the pieces indicated that they were intended for distribution, and not for personal use.

Polke's passenger, Paul Jones, testified that when they were stopped by the police, Polke pulled the plastic container "from somewhere in his midsection" and handed it to Jones, telling him to "hold this." Jones said that he did not know what was in the container and

---

[1] *Wilhelm v. State*, 237 Ga. App. 682 (516 SE2d 545) (1998); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

that he placed the container into the passenger door compartment. Jones denied that the cocaine found in the container was his.

Polke testified at trial and claimed that the drugs belonged to Jones. He denied handing the container to Jones and claimed that he did not know Jones had the container. He said that he did not see any drugs until the police discovered them during the search of the vehicle. Polke claimed that the reason he had $1,500 in cash in his pocket was that he had won the lottery the day before.

On appeal, Polke argues that Jones' testimony is not credible and that "it appears clear that [Polke] did not pass anything to [Jones] and [Jones] had equal access to the drugs." However, questions of witness credibility are for the jury to resolve, and the jury apparently found Jones' testimony more credible than Polke's. The evidence was thus sufficient for the jury to conclude that the cocaine belonged to Polke.[2] Although Polke does not raise the issue on appeal, the evidence was also sufficient to show that the cocaine was intended for distribution.[3]

2. Polke also contends that the trial court erred in denying his motion to suppress evidence resulting from the traffic stop. This contention is without merit.

Polke argues that the anonymous tips received by the police did not provide a reasonable basis for making an investigatory stop of the vehicle. However, the police did not stop the car because of the anonymous tips, but because Polke was committing a traffic offense by driving with a suspended license. Police officers are authorized to arrest a defendant for commission of a traffic offense in their presence.[4] The fact that

> at the time of the stop, the officers may have had a suspicion, short of probable cause, that the vehicle would contain contraband does not demand a finding that the stop was pretextual. A rule requiring a law enforcement officer to *forego* making a traffic stop which he would otherwise be authorized to make merely because he suspects that the vehicle might be engaged in the transport of illicit drugs would have little to commend it, and we have previously declined the invitation to create such a rule.[5]

---

[2] See *Patrick v. State*, 219 Ga. App. 888, 891 (2) (467 SE2d 211) (1996).

[3] See *Lindley v. State*, 225 Ga. App. 338, 339-340 (1) (484 SE2d 33) (1997); *Kinney v. State*, 199 Ga. App. 354 (1) (405 SE2d 98) (1991) (substantial quantity of contraband, seven rocks of cocaine, was evidence of intent to distribute); *Hayes v. State*, 203 Ga. App. 409, 410 (417 SE2d 45) (1992) (quantity of cocaine possessed, seven rocks, illustrates intent to distribute); *Bacon v. State*, 225 Ga. App. 326-327 (483 SE2d 894) (1997).

[4] *Ridgeway v. State*, 205 Ga. App. 218 (422 SE2d 4) (1992).

[5] (Citations and punctuation omitted.) Id. at 219.

Accordingly, the trial court did not err in determining that the police properly stopped Polke and arrested him for driving with a suspended license.

OCGA § 17-5-1 authorizes an officer, after making a lawful arrest, to search the defendant's person and the area within his immediate presence for the purpose of protecting the officer from attack, preventing the defendant from escaping, or discovering or seizing the fruits of the crime or any articles used in the commission of the crime. We have previously held that this section authorizes an officer to search the defendant's automobile following an arrest for driving without a license.[6] In such a situation, "the authority to search extends to the entire passenger compartment of the automobile and any closed containers therein."[7] The officers were thus authorized to search the vehicle incident to Polke's arrest. The fact that the officers might have expected to find contraband did not lessen their authority to search. As the U. S. Supreme Court has held,

> [t]he authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. . . . [A] search incident to the arrest requires no additional justification. . . . Since it is the fact of custodial arrest which gives rise to the authority to search, it is of no moment that [the officer] did not indicate any subjective fear of the [defendant] or that he did not himself suspect that [defendant] was armed.[8]

Polke's reliance on *Knowles v. Iowa*[9] is misplaced. In that case, the U. S. Supreme Court held that the rationale for a search incident to arrest does not apply where an officer does not make a custodial arrest but simply issues a citation for a traffic offense.[10] However, the

---

[6] *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999).

[7] (Punctuation omitted.) Id. See also *Bagwell v. State*, 214 Ga. App. 15, 17 (446 SE2d 739) (1994) (defendant arrested for driving with suspended license; authority to search incident to arrest extends to passenger compartment and closed containers found therein); *Stanley v. State*, 191 Ga. App. 603, 604 (2) (382 SE2d 686) (1989) (search of passenger compartment of car authorized where defendant arrested for DUI).

[8] (Footnote omitted.) *United States v. Robinson*, 414 U. S. 218, 235-236 (94 SC 467, 38 LE2d 427) (1973). See also *Whren v. United States*, 517 U. S. 806, 812 (116 SC 1769, 135 LE2d 89) (1996) (rejecting contention that "an officer's motive invalidates objectively justifiable behavior under the Fourth Amendment").

[9] 525 U. S. 113 (119 SC 484, 142 LE2d 492) (1998).

[10] Id., 119 SC at 487-488.

Court reaffirmed that

> the authority to conduct a full field search as incident to an arrest [is] a "bright-line rule," which [is] based on the concern for officer safety and destruction or loss of evidence, but which [does] not depend in every case upon the existence of either concern.[11]

In this case, the officers did effect a custodial arrest of Polke, thus authorizing a search incident to arrest.

Finally, Polke argues that the police had no need to impound the vehicle and conduct an inventory search because Jones, the passenger, could have driven the vehicle away. This argument is without merit because the search was not conducted as an inventory search, but as a search incident to a lawful arrest. Thus, it is irrelevant that someone else may have been available to drive the vehicle away. In any event, the car did not belong to Polke, but to his girlfriend, and there is no indication that she had authorized Jones to drive her car.[12]

For the reasons discussed above, the trial court did not err in denying Polke's motion to suppress.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 20, 2000.

*Kathy S. Palmer*, for appellant.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.

---

[11] Id. at 488.
[12] See *Stanley*, supra.