A00A1217, A00A1218. JOHNSON v. THE STATE (two cases).
(540 SE2d 212)

BLACKBURN, Presiding Judge.

In two separate cases, Brandon Elliott Johnson appeals his convictions for attempting to flee from a police officer, driving with a suspended license, and possession of marijuana. Because of the related nature of these appeals, we have consolidated them herein.

*Case No. A00A1217*

In this case, Johnson appeals his convictions for driving with a suspended license and attempting to flee from a police officer. Specifically, Johnson contends that he was illegally stopped, that all evidence against him following the stop should have been suppressed, and that there was insufficient evidence to support his conviction for attempting to flee from a police officer. For the reasons set forth below, we affirm Johnson's conviction for driving with a suspended license and reverse his conviction for attempting to flee from a police officer.

1. Johnson contends that his convictions must be overturned because the arresting officer lacked reasonable articulable suspicion to stop him and all evidence subsequent to the stop should have been suppressed by the trial court. We disagree.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Johnson] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*.[1] See *Jackson v. Virginia*.[2]

Viewed in the light most favorable to the verdict, the record

---

[1] *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

shows that, on May 19, 1999, Officer Dane Hunter received a dispatch to be on the lookout for a red Acura with a prestige tag reading "BANKS2" for possible drug activity. A short time later, Officer Hunter observed a vehicle that fit the description, and he drove toward it for a closer look. As Officer Hunter approached the vehicle, he looked at the driver, whom Officer Hunter recognized from a stop he had made eight months earlier. When Officer Hunter made this prior stop, Johnson was a passenger in another vehicle, and both Johnson and the driver were charged with possession of marijuana with the intent to distribute. During this prior stop, Officer Hunter's dispatcher told him that Johnson's license had been suspended.

Based on the "lookout information" and his memory of Johnson, Officer Hunter then pulled behind Johnson. At that point, Johnson pulled into a subdivision, made a U-turn, and began to back out of the subdivision. Still following Johnson, Officer Hunter activated his blue lights, but Johnson did not stop immediately. Officer Hunter then noticed Johnson look back at him in his rearview mirror, and, fearful that Johnson might attempt to elude him, Officer Hunter then activated his siren. Johnson stopped his car within five to ten seconds.

Officer Hunter immediately arrested Johnson for failure to stop and placed handcuffs on him. In response to Officer Hunter's questions, Johnson confirmed that his license was suspended. At that point, Officer Hunter smelled an odor of burnt marijuana on Johnson, and he also smelled the odor of an alcoholic beverage on Johnson's breath. Officer Hunter then searched Johnson's car and found loose marijuana on the passenger side.

Johnson was subsequently charged with refusing to stop for a police officer, driving with a suspended license, and possession of marijuana. Prior to trial, Johnson made a motion to suppress all evidence against him following his stop, which he contends was violative of his Fourth Amendment rights. The trial court denied Johnson's motion, and a jury found Johnson guilty of refusing to stop for a police officer and driving with a suspended license and not guilty of possession of marijuana. Johnson now appeals the trial court's denial of his motion to suppress.

When reviewing a trial court's decision on a motion to suppress, this [C]ourt's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there

is any evidence to support them.

(Citations omitted.) *Morgan v. State*.[3]
    In general, a police officer cannot simply single out an individual vehicle to determine whether its driver has a valid license.

> Except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment.

(Punctuation omitted.) *Streicher v. State*.[4]
    In this case, such an articulable and reasonable suspicion did exist. Officer Hunter stopped Johnson, in part, based on his prior experience with him and his knowledge that Johnson's license had been suspended. It would not have been unreasonable for Officer Hunter to suspect that Johnson's license suspension remained in effect and that Johnson was violating the law by driving. Therefore, as found by the trial court, Officer Hunter appropriately stopped Johnson.
    Contrary to Johnson's argument, this case is not controlled by *McSwain v. State*.[5] In *McSwain*, a police officer stopped the defendant based solely on a lookout description broadcast over his radio which referenced only *possible* drug activity. In this case, however, Officer Hunter acted on specific information separate from that contained in the lookout broadcast, making this matter distinguishable from *McSwain*.
    2. Johnson argues that the evidence was insufficient to support his conviction for attempting to elude or flee from a police officer. We agree.
    OCGA § 40-6-395 (a) provides:

> It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may

---

[3] *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).
[4] *Streicher v. State*, 213 Ga. App. 670, 672-673 (445 SE2d 815) (1994).
[5] *McSwain v. State*, 240 Ga. App. 60 (522 SE2d 553) (1999).

be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

It is clear that this statute deals with situations where a defendant, knowing that he is being followed by a police officer, attempts to flee in order to avoid apprehension. There is no evidence in this case that Johnson made any such attempt. The evidence is undisputed that Johnson remained at a slow rate of speed during his encounter with Officer Hunter, and he made no effort to elude the pursuing officer. In fact, Officer Hunter testified that, moments after he noticed Johnson looking at him in his rearview mirror, he activated his siren to prevent any *future* attempt to flee by Johnson. Rather than flee, however, Johnson promptly stopped for Officer Hunter. Accordingly, the evidence did not support a violation of OCGA § 40-6-395, and Johnson's conviction for attempting to flee from a police officer must be reversed. See *Jackson*, supra.

### Case No. A00A1218

3. In this case, Johnson appeals his conviction for possession of marijuana, contending that the evidence was insufficient to support his conviction and that the trial court erred by denying his motion to suppress the evidence found after his car was stopped by police. For the reasons that follow, we affirm Johnson's conviction.

Viewed in the light most favorable to the verdict, the record reveals that, on May 24, 1999, an informant called Officer Randall Coppolino and told him that Johnson was selling crack cocaine on Booker Avenue. Officer Coppolino then met with the informant and gave him a marked $20 bill to make a purchase from Johnson. Afterward, Officer Coppolino watched the informant purchase cocaine from Johnson, and the informant notified Officer Coppolino that Johnson said that he had more cocaine, but he was about to go somewhere with his girlfriend. As predicted by the informant, Johnson was picked up by his girlfriend, and the car was stopped by police shortly thereafter. Officer Coppolino testified that he had insufficient time to seek a warrant prior to the stop.

After the stop, Officer Coppolino asked Johnson to get out of the car. Because Johnson was fidgeting and acting nervous, Officer Coppolino asked him to sit on the ground to ensure that he would not try to run away. Johnson was placed under arrest, and, at that point, an officer asked Johnson to remove his shoes. Johnson then pulled a plastic bag containing marijuana out of his right shoe and attempted

to swallow it. After a short struggle, Johnson spit out the bag. Johnson also possessed the marked $20 bill that had been used by the informant to purchase cocaine. At trial, a jury convicted Johnson for possession of marijuana. No charges were brought against him regarding the sale of cocaine to protect the identity of the informant.

This evidence is sufficient to support Johnson's conviction for possession of marijuana. See *Jackson*, supra.

4. Johnson also contends that the trial court should have suppressed evidence of the marijuana because the police lacked grounds to stop his car. This argument is meritless.

> Based on the information received from the informant, as well as the observations of [Officer Coppolino], the officer had specific and articulable facts which reasonably warranted a brief stop of the vehicle. Because [Johnson] had been identified as a possible suspect in the distribution of illegal drugs there was sufficient articulable suspicion for the officer to temporarily detain him and question him.

(Citations and punctuation omitted.) *Lester v. State.*[6]

After Johnson was stopped and placed under arrest, the police appropriately searched him for weapons and contraband.

> OCGA § 17-5-1 authorizes an officer, after making a lawful arrest, to search the defendant's person and the area within his immediate presence for the purpose of protecting the officer from attack, preventing the defendant from escaping, or discovering or seizing the fruits of the crime or any articles used in the commission of the crime.

*Polke v. State.*[7] Accordingly, Johnson's conviction for possession of marijuana was authorized.

*Judgment affirmed in Case No. A00A1218. Judgment affirmed in part and reversed in part in Case No. A00A1217. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 2, 2000.

*Patricia A. Buttaro*, for appellant.
*Steven L. Harris, Solicitor*, for appellee.

---

[6] *Lester v. State*, 226 Ga. App. 373, 375 (1) (487 SE2d 25) (1997).
[7] *Polke v. State*, 241 Ga. App. 891, 893 (528 SE2d 537) (2000).