## A00A1147. CORNWELL v. THE STATE.
### (541 SE2d 101)

PHIPPS, Judge.

Joseph D. Cornwell was convicted by a jury of attempting to elude a police officer and speeding. He claims that the trial court

---

erred in refusing to charge the jury that "the jury shall be the judges of the law and the facts." He also challenges the sufficiency of the evidence to support his conviction for attempting to elude a police officer. We find no merit in either claim and affirm.

On March 13, 1999, at 5:00 a.m., Cobb County Police Officer Robert Littler noticed a black Land Rover, driven by Cornwell, traveling at a high rate of speed on Interstate 75. He was able to catch up to Cornwell and followed him at a distance of approximately 150 feet as he exited onto I-575. Officer Littler estimated that, at one time, Cornwell was traveling at just over 100 mph.

After following the vehicle for three and one-half to four miles, Officer Littler activated his blue lights. Cornwell's only response was to brake and slow down to about 50 or 60 mph. Approximately three-fourths of a mile later, Cornwell turned on his right turn signal and began driving in the emergency lane at approximately 30 or 40 mph. Officer Littler activated his siren at that point in another attempt to get Cornwell to stop. Cornwell continued for about a half-mile in the emergency lane. Officer Littler then pulled up beside him, and Cornwell finally stopped.

Cornwell testified that he was scared when Officer Littler began following him, before he realized that it was a police officer. Cornwell testified that, when Officer Littler turned on his blue lights, he began slowing down gradually and decided that he would stop at the next exit, which was near his residence. Cornwell wanted to reach a well-lit area because he was mistrustful of the police based on his experiences growing up in a rough neighborhood in Los Angeles. He testified that he would not have stopped when he did except that he thought Officer Littler was going to hit his vehicle.

1. During its deliberations, the jury submitted the following question: "If the jury disagrees with the law that we have been charged with applying to the facts of this case, can we find the defendant not guilty for that reason?" Cornwell's lawyer asked the court to respond with this quote: "the jury shall be the judges of the law and the facts."[1] The court asked the jury foreman to clarify the question. Did the jury intend to ask if they could find the defendant not guilty because they disagreed with or did not like the law? Or did their question mean that the jury did not believe that the law given to them applied to the facts as they found them in this case? The foreman stated that the first interpretation was more accurate.

Based on the jury's response and relying on *State v. Freeman*,[2] the trial court refused to give the instruction Cornwell requested.

---

[1] Ga. Const., Art. I, Sec. I, Par. XI; OCGA § 17-9-2.
[2] 264 Ga. 276 (444 SE2d 80) (1994).

Instead, the court charged the jury in the language of the suggested pattern jury instructions promulgated by the Council of Superior Court Judges:

> [M]embers of the jury, it is my duty . . . and . . . responsibility to ascertain the law applicable to this case and to instruct you on that law by which you are bound. It is your responsibility to ascertain the facts of the case from all the evidence presented. It then becomes your duty and responsibility to apply the law that I give you in the charge to the facts as you find them to be.[3]

That charge is a correct statement of the law and an appropriate response to the jury's question.[4] It was not error to refuse Cornwell's requested charge.

2. Cornwell challenges the sufficiency of the evidence to support his conviction for attempting to elude a police officer. Pursuant to OCGA § 40-6-395 (a), it is unlawful for a driver "willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop." Cornwell claims that the State failed to establish that his refusal to stop was wilful.

"Whether an act is committed with the requisite criminal intent is a question for the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act."[5] There is no dispute that Cornwell did not stop his vehicle after Officer Littler activated his blue lights and siren. Cornwell testified that he had no intention of stopping before the next exit until he became worried that Officer Littler might hit his vehicle. Because a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,[6] we must affirm.[7]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 24, 2000 —
RECONSIDERATION DENIED NOVEMBER 7, 2000 — ▮▮▮▮▮▮

*Louis Levenson,* for appellant.

---

[3] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed. 1991), p. 9.
[4] *Parker v. State,* 270 Ga. 256, 258 (3) (507 SE2d 744) (1998).
[5] (Citation omitted.) *Davidson v. State,* 237 Ga. App. 580, 581 (2) (516 SE2d 90) (1999).
[6] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[7] But see *Johnson v. State,* 246 Ga. App. 197, 199 (2) (540 SE2d 212) (2000) (evidence insufficient where entire encounter with officer conducted at slow rate of speed and driver stopped within five to ten seconds after officer activated his siren).

*Barry E. Morgan, Solicitor, Katherine L. Kissam, Lawrence J. Lorusso, Assistant Solicitors*, for appellee.