## A02A2086. WEIR v. THE STATE.
### (571 SE2d 191)

PHIPPS, Judge.

Diarra Weir was charged with possessing less than one ounce of marijuana in violation of OCGA § 16-13-2 (b) and with attempting to elude a police officer in violation of OCGA § 40-6-395. The marijuana charge was nolle prossed due to the unavailability of a State's witness at the bench trial, and the court convicted Weir of attempting to elude a police officer. Weir appeals, challenging the sufficiency of the evidence to support his conviction. Finding the evidence sufficient, we affirm.

OCGA § 40-6-395 (a) provides:

It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

---

[17] See generally *Harris v. State*, 274 Ga. 774, 775 (3) (560 SE2d 642) (2002).

Cobb County Police Officer Robert Morris testified as follows. At approximately 1:45 a.m. on December 25, 2001, he was in uniform in a marked patrol car when he observed Weir's vehicle leave the back parking lot of a closed business that had been burglarized on numerous occasions. Morris pursued the vehicle down Cobb Parkway. Both cars were traveling about 40 to 45 mph in a 45-mph speed zone. Although Morris activated his blue lights and sounded his siren twice, Weir did not stop. Instead, he drove about one-half mile down the parkway and across a bridge to the entrance of an apartment complex in Fulton County. He then stopped his vehicle and used a remote control device to open the gate and enter the complex. Morris followed him into the complex to where the road dead-ended into a parking lot. Weir stopped there, exited his vehicle, and began to walk away. Morris ordered Weir to stop, but Weir ignored him. Morris then drew his weapon and ordered Weir to the ground, and he complied. Morris testified that after handcuffing Weir, he looked inside Weir's vehicle and detected a strong odor of marijuana. A plastic bag of marijuana was found in Weir's pants pocket, after Weir admitted that he had some marijuana there. A marijuana cigarette was also discovered on the front seat of Weir's car.

In his trial testimony, Weir acknowledged that he heard the police siren, saw the emergency lights, and understood that the officer was trying to effect a traffic stop. Weir testified that he did not stop his car until he entered his apartment complex, because he had not done anything wrong and he wanted the officer to know that he lived in the vicinity. Weir admitted that the officer could have smelled marijuana in his car.

In reliance on *Johnson v. State*,[1] Weir argues that the evidence was insufficient to convict him of violating OCGA § 40-6-395. We disagree. *Johnson* is distinguishable. In *Johnson*, the arresting officer activated his blue lights, but Johnson did not stop immediately. The officer then noticed Johnson look back at him in his rearview mirror and activated his siren. Johnson stopped his car within five to ten seconds. Weir, in contrast, did not stop until he had traveled about one-half mile to his ultimate destination, even though he heard the siren, saw the emergency lights, and knew the officer was trying to stop him. This evidence authorized the court to find beyond a reasonable doubt that Weir wilfully failed and refused to bring his vehicle to a stop when given visual and audible signals to do so.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[1] 246 Ga. App. 197, 199 (2) (540 SE2d 212) (2000).

Decided September 13, 2002.

*Tina M. Richards*, for appellant.

*Barry E. Morgan, Solicitor-General, Jeffrey B. Grable, Jessica K. Moss, Assistant Solicitors-General*, for appellee.