## A08A1084. GARCIA v. THE STATE.

(667 SE2d 205)

MIKELL, Judge.

Following a jury trial, Bernabe Garcia was convicted of trafficking in methamphetamine, driving without a license, driving without insurance, and alteration of license plates. Garcia appeals the drug trafficking conviction, contending that the trial court erred in denying his motion to suppress evidence seized in the search of his vehicle following his arrest at a traffic stop, and that the evidence presented at trial was insufficient to support the jury's verdict. Finding no error, we affirm.

On appeal of a criminal conviction, we view the evidence in the light most favorable to support the verdict, and the defendant is no longer entitled to a presumption of innocence.[1] We neither weigh the evidence nor determine the credibility of witnesses; our role is simply to determine "whether the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the offenses charged."[2]

Viewing the evidence in the proper light, the record reflects that after Garcia was stopped for driving a vehicle bearing an altered license plate, Garcia was unable to present a valid driver's license or proof of insurance to Georgia State Patrol Trooper Dallas Van Scoten. Van Scoten addressed Garcia in English and in "survival" Spanish, and Garcia appeared to understand him. During their conversation, Garcia told Van Scoten that he owned the car and that the papers for it were at his home, which he said was in Doraville. Garcia stated that he was traveling to Charlotte, North Carolina. During this exchange, Van Scoten noticed that Garcia seemed "very anxious"; that his breathing was "pretty shallow" and that the vein in his neck was "pulsating pretty heavy," which Van Scoten interpreted as a sign of "extreme nervousness." After asking Garcia to step out of his car, Van Scoten placed him under arrest for driving without a valid driver's license,[3] driving without insurance,[4] and

---

[1] *Davis v. State*, 285 Ga. App. 315 (645 SE2d 753) (2007).

[2] (Footnote omitted.) *Polke v. State*, 241 Ga. App. 891 (1) (528 SE2d 537) (2000). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 40-5-20 (a).

[4] OCGA § 40-6-10.

alteration of license plate.[5] Van Scoten did not put Garcia in the back of his patrol car at that time because his patrol car had a dog kennel in the back; nor did Van Scoten handcuff Garcia at that time, because, according to Van Scoten's testimony, Garcia was "not actively resisting in any way," but was standing in front of Van Scoten's patrol car, "just standing there very docile."

Van Scoten then requested back-up. Corporal Chapeau, also with the Georgia State Patrol, in company with a cadet trainee, arrived at the scene a few minutes later. While the cadet kept Garcia under observation, the troopers searched the car incident to Garcia's arrest. In the course of his search of the passenger compartment, Chapeau observed part of a plastic bag sticking out from a gap in the plastic molding underneath the steering column. Chapeau testified that the plastic bag had been shoved into a "normal void" in the steering column and would have been within arm's reach of the driver of the car. Chapeau pulled out the plastic bag, which he was able to do without "pulling off any panels or do[ing] anything special." The plastic bag was later determined to contain 254.59 grams of methamphetamine. After the bag containing the contraband was found, Garcia was handcuffed and placed in the patrol car. The officers then completed an inventory search of the vehicle before it was towed away for impoundment.

1. Garcia challenges the denial of his motion to suppress the methamphetamine found upon search of the vehicle he was driving. "On appeal from a trial court's denial of a motion to suppress, the evidence is construed most favorably to uphold the court's findings and judgment. If there is any evidence to support the trial court's findings on disputed facts and credibility, they will not be disturbed unless clearly erroneous."[6] Further, in reviewing the trial court's ruling, we may consider testimony adduced at trial in addition to testimony introduced in the motion to suppress hearing.[7]

Garcia argues that the officers' search of his vehicle was not a valid search incident to arrest under OCGA § 17-5-1, because the purpose of the search was not one of the purposes listed in OCGA § 17-5-1 (a) (1)-(4), which "prohibit[s] a search of the area within the person's immediate presence following a lawful arrest unless the search is conducted to protect the officer from attack, to prevent the person from escaping, or to gather evidence of the crime for which

---

[5] OCGA § 40-2-6.

[6] (Citation and punctuation omitted.) *Postell v. State*, 279 Ga. App. 275, 276 (1) (630 SE2d 867) (2006).

[7] Id.

424

the person has been arrested."[8] This argument, however, was rejected by this Court in *Hurley v. State*,[9] and we reject it again here.

The search which uncovered the contraband in *Hurley* was conducted incident to the defendant's arrest for a traffic violation.[10] The defendant argued that because the search was conducted while she was handcuffed and in the patrol car, the search would not have been for a purpose permitted under subsections (1) through (4) of OCGA § 17-5-1 (a) (i.e., officer safety, prevention of escape, or obtaining evidence of the crime for which the person was arrested).[11] Because Hurley was lawfully arrested, however, this Court ruled that the search of her automobile was valid pursuant to the incident to arrest exception to the warrant requirement.[12] As we explained in *Hurley*,

> [c]ollectively, the Fourth Amendment, the Georgia Constitution, *and OCGA § 17-5-1* grant police officers broad authority to search automobiles pursuant to the incident to arrest exception. Such authority extends to the entire passenger compartment of the vehicle and any closed containers therein.[13]

*Hurley* is consistent with a long line of prior decisions of this Court concerning the permissible scope of the search of a vehicle incident to arrest.[14]

Garcia argues that these decisions notwithstanding, the statutory language found in OCGA § 17-5-1 (a) mandates a more restrictive rule for vehicle searches incident to arrest than that required by the Fourth Amendment or the Georgia Constitution. We do not agree. It has long been settled law in this state that, for purposes of searching a vehicle incident to the lawful arrest of a recent occupant,

---

[8] *Hurley v. State*, 287 Ga. App. 482, 483 (651 SE2d 748) (2007), citing OCGA § 17-5-1 (a) (1)-(4).

[9] Supra.

[10] Id. at 482 (defendant was stopped for speeding and thereafter arrested for driving with a suspended license).

[11] Id. at 482-483.

[12] Id. at 483.

[13] (Citations and punctuation omitted; emphasis supplied.) Id.

[14] See, e.g., *Johnson v. State*, 268 Ga. App. 867, 868 (602 SE2d 876) (2004) (drugs admissible where found in search of defendant's truck incident to his arrest for driving without a license); *Polke*, supra at 893 (2) (validity of search of vehicle under OCGA § 17-5-1 incident to lawful arrest for driving with suspended license does not depend on "probability . . . that weapons or evidence would in fact be found") (footnote omitted); *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999) (contraband in passenger's gym bag was admissible where gym bag was in vehicle that was searched incident to driver's arrest for traffic violations).

the state rule (set forth in OCGA § 17-5-1) is the same as the federal rule; and such a search, if legal under federal law, is legal under state law.[15]

In the case at bar, the trooper lawfully arrested Garcia for traffic violations. "Police officers are authorized to arrest a defendant for commission of a traffic offense in their presence."[16] It follows that the search of the automobile's passenger compartment incident to that arrest was valid, and the contraband found in the course of that search was admissible in evidence. Garcia's reliance on *State v. Escobar*[17] is misplaced. The contraband in that case was not found in a search of the passenger compartment of the vehicle.[18] We conclude that the trial court did not err in denying Garcia's motion to suppress.

2. Garcia contends that the evidence was insufficient to show that he had "knowing" possession of the methamphetamine found in the vehicle, as required by OCGA § 16-13-31 (e), and that the evidence adduced, being circumstantial, failed to "exclude every other reasonable hypothesis save that of the guilt of the accused," as required by OCGA § 24-4-6. This argument fails.

Garcia asserts that his constructive possession of the contraband in the vehicle was not "knowing." He points to Van Scoten's testimony indicating that Garcia was not the registered owner of the vehicle; however, Van Scoten also testified that at the time of his arrest, Garcia admitted that the car was his. Garcia also points out that there was no evidence showing how long he had been in possession of the car. It is undisputed, however, that Garcia was the driver and the sole occupant of the vehicle at the time of his arrest. Garcia also relies on evidence showing that the contraband was not readily visible to an occupant of the car, and that the officers had to search for several minutes before they found it. According to Chapeau's testimony, however, the contraband was hidden within arm's reach of the driver of the vehicle. Such "[c]onflicts in testimony are a matter of credibility for the jury to resolve. And as long as there is some competent evidence, even though contradicted, to support each fact necessary for the state's case, the jury's verdict will be upheld."[19]

---

[15] *Daniel v. State*, 199 Ga. App. 180, 182 (404 SE2d 466) (1991) (vehicle validly searched incident to driver's arrest for driving with suspended license).

[16] (Footnote omitted.) *Polke*, supra at 892 (2).

[17] 193 Ga. App. 535 (388 SE2d 534) (1989) (physical precedent only).

[18] Id. at 536 (search invalid where officer pulled off molding on outside of van, revealing a one-inch crack through which contraband could be seen, and contraband was recovered by drilling into the vehicle).

[19] (Footnote omitted.) *Goodrum v. State*, 269 Ga. App. 397, 401 (3) (604 SE2d 251) (2004).

Relying on *Farmer v. State*,[20] Garcia argues that the evidence showed merely his presence in a car wherein contraband was discovered. *Farmer*, however, is inapposite to the case at bar. In that case, the evidence showed that persons other than the defendant had access to the automobile in which the contraband was found: the defendant had borrowed the car from its owner only hours before the search; other passengers had been in the car for some time before the search occurred; and the contraband was found on the floorboard under the passenger seat.[21] In the case at bar, on the other hand, no evidence was presented to show that others had access to the car driven by Garcia. When Van Scoten made the traffic stop, Garcia was the driver and sole occupant of the vehicle. Garcia claimed that the car was his and that he had the registration and insurance papers at his home. The jury was thus authorized to find that Garcia was the owner of the car. "The contents of an automobile are presumed to be those of one who operates and is in charge of it, and this applies particularly where the operator is also the owner, as here."[22] Under these circumstances, the "equal access" rule does not apply to rebut the presumption that the driver and sole occupant of a vehicle is the owner of its contents.[23]

Garcia argues that the evidence that he was in knowing possession of the contraband was circumstantial and did not "exclude every reasonable hypothesis save that of [his] guilt," as required by OCGA § 24-4-6. The statute does not require, however, that the evidence exclude every *possible* hypothesis other than the defendant's guilt, but only that it exclude every *reasonable* hypothesis. "The mere possibility that someone other than the defendant committed the crime charged in the indictment is not such a reasonable hypothesis as must be excluded in order for circumstantial evidence to authorize a verdict of guilty."[24] We conclude that the evidence in this case was sufficient, under the standard set forth in *Jackson v. Virginia*,[25] to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the offenses charged.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

---

[20] 152 Ga. App. 792 (264 SE2d 235) (1979).

[21] Id. at 792-793.

[22] (Citation and punctuation omitted.) *Carson v. State*, 241 Ga. 622, 627 (4) (247 SE2d 68) (1978) (evidence supported finding that defendant owned sawed-off shotgun found in vehicle of which defendant was driver, sole occupant, and owner).

[23] Compare *Farmer*, supra at 795.

[24] (Footnote omitted.) *Davis*, supra at 317.

[25] Supra.

DECIDED AUGUST 26, 2008 — 

*Amanda E. Meloun*, for appellant.
*Richard K. Bridgeman, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.