## A02A2189. HAMM v. THE STATE.
(577 SE2d 85)

ANDREWS, Presiding Judge.

A jury convicted Degarrin Hamm of felony obstruction of a law enforcement officer, misdemeanor obstruction and hindering of a law enforcement officer, and giving a false name and date of birth to a law enforcement officer. Hamm argues on appeal that the trial court erred in denying his motion for directed verdict on the obstruction of a law enforcement officer counts because at the time of the incident, the officer was not engaged in the lawful discharge of his official duties. We disagree and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. Officer Martel, of the Conyers Police Department, testified that he received a call for assistance from another officer who was investigating reports of drug use outside an apartment complex. When the officer arrived, the suspects ran and the officer called for assistance in looking for a suspect described as an African-American male wearing a white t-shirt. One of the officers who responded to the call stated that he went to a field where there was a pathway between two apartment complexes. He said that he went there because that was the direction in which the suspect was heading when the officer chased him, and he knew from experience that "when people flee from [the police] in Pinedale or Forest Villas, they usually transgress this path." The officer testified that he arrived at the field between the apartments only 45 seconds to a minute after receiving the "be on the lookout" call.

Approximately 30 seconds after positioning himself in the field, the officer saw Hamm walking toward him on the path and asked him to stop. When asked for identification, Hamm gave the officer a Social Security card, saying he did not have a picture ID. The officer took down Hamm's date of birth and called in the information to his dispatcher. Officer Martel talked to the officer who sent out the call for assistance and described Hamm. The officer said that he did not believe Hamm was the suspect in question. Nevertheless, Officer Martel decided to wait until the results of the background check had been run before telling Hamm he could leave.

The officer stated that Hamm appeared to be slightly inebriated and was very nervous. He asked Hamm if he would allow a pat-down search for weapons, and Hamm refused but said he would empty his pockets. As Hamm was emptying his pockets, the officer noticed that there was still a bulge in one of them and reached over to pat it in order to make sure it was not a weapon. At that point, Hamm struck the officer in the face and ran away. After searching for almost an hour, officers found Hamm and arrested him.

Defense counsel made a motion for directed verdict at the close

of the State's evidence. Counsel argued that the State had not proved its case because there was no reasonable articulable suspicion to stop Hamm and therefore the officer was not engaged in the lawful discharge of his official duties. The trial court denied the motion for directed verdict, and the jury convicted Hamm on all counts.

In his motion for new trial and now on appeal, Hamm argues the trial court erred in denying his motion for directed verdict because there was insufficient evidence to support the verdict in that the State could not prove all the elements necessary to convict Hamm of obstruction of a law enforcement officer.

OCGA § 16-10-24 provides in pertinent part:

> Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

OCGA § 16-10-24 (b).

As Hamm correctly states, "[A] police officer is not discharging his lawful duty when he attempts to detain briefly a citizen without a particularized and objective basis for suspecting criminal activity." *In the Interest of J. T.*, 239 Ga. App. 756, 759 (521 SE2d 862) (1999). The issue then becomes whether the officer was authorized to detain Hamm.

> *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), recognizes that although a police officer may not have probable cause to arrest someone, if there is a reasonable suspicion of criminal wrongdoing, based upon specific and articulable facts from which it can be determined that the action of the police officer is not arbitrary or harassing, the police officer may make a brief, investigatory detention of the individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information.

(Citations omitted.) *Lee v. State*, 201 Ga. App. 827, 829 (412 SE2d 563) (1991).

> [A]rticulable suspicion that the law has been or is about to be violated is less than probable cause, but greater than mere caprice. What is necessary is a founded suspicion, some basis from which the court can determine that the

detention was not arbitrary or harassing. Thus, in cases where there are some reasonable articulable grounds for suspicion, the state's interest in the maintenance of community peace and security outweigh[s] the momentary inconvenience and indignity of investigatory detention. Each case turns on its own circumstances.

(Citations and punctuation omitted.) *Garmon v. State*, 271 Ga. 673, 677 (524 SE2d 211) (1999).

Hamm argues that this case is controlled by *Holt v. State*, 227 Ga. App. 46 (487 SE2d 629) (1997). But, in *Holt*, the court did not find that the initial stop was not justified. The court held that the officer's detention of one of the car's passengers was not supported by any reasonable articulable suspicion. The court based this holding on the fact that the officer could not articulate any particularized reason for questioning Holt and also on the officer's admission that "he had no basis for believing that defendant had engaged in, was engaging in, or was about to engage in criminal activity." Id. at 50.

Likewise, Hamm's reliance on *Vansant v. State*, 264 Ga. 319 (443 SE2d 474) (1994), is misplaced. In *Vansant*, the only information given to police was that a white van had been involved in a hit and run accident. Vansant was driving his van on a major thoroughfare about a mile from the accident when the officer stopped him. The court found this description was not enough to justify a *Terry* stop, noting that there was no particularized description of the van, the officer was not told in which direction the van was driving when it left the scene and the van was driving on a major thoroughfare. Id. at 321.

The issue in *State v. Henderson*, 215 Ga. App. 215 (450 SE2d 288) (1994), also relied on by Hamm, was whether there was probable cause to arrest defendant. The court also concluded that a *Terry* stop would not have been justified because the description of the car that was stopped varied from the description given by the police radio dispatch. Id. at 218.

This case is similar to *Redd v. State*, 229 Ga. App. 364 (494 SE2d 31) (1997), in which an unidentified citizen went to the police department and said he had seen a man walking along a local highway removing mail from a mailbox. The citizen described the man and his clothing, and the information was dispatched to patrolling officers. An officer on patrol later saw a man matching this description and attempted to stop and question him. This Court noted, "As Redd acknowledges, the officer's initial questioning of him was proper." Id. at 365.

In the instant case, Hamm fit the description given in the lookout. In addition, he was found only minutes after the initial call and

was walking in the direction away from the apartments, as described in the radio dispatch. These additional circumstances, finding the described individual in the exact location, going in the direction described, while the lookout request was still very fresh, were sufficient to warrant a brief, temporary seizure for questioning.

Accordingly, for the reasons stated above, we conclude that the officer's brief detention of Hamm was authorized. Therefore, the officer was engaged in the lawful discharge of his official duties when Hamm struck him, and the evidence was sufficient to authorize a rational trier of fact to find Hamm guilty of obstruction of an officer beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 3, 2003.

*Ingrid J. McGaughey*, for appellant.

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

