### A07A1370. HURLEY v. THE STATE.
(651 SE2d 748)

MILLER, Judge.

Following a stipulated bench trial, Tania Hurley was convicted of possession of MDMA[1] ("Ecstasy"), possession of marijuana, driving with a suspended license, and speeding. Hurley appeals the drug possession convictions, contending that the trial court erred in denying her motion to suppress evidence seized in the search of her vehicle following her arrest at a traffic stop.

After being stopped for speeding, Hurley was unable to provide Walton County Deputy Sheriff Arlen White proof of insurance or a driver's license. A records check revealed that Hurley's driver's license had been suspended for driving under the influence. Her arrest for driving with a suspended license followed. Deputy White handcuffed Hurley and placed her in his patrol car. In the search of her vehicle incident to the arrest, he seized 1.73 grams of Ecstasy and less than an ounce of marijuana.

> Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). This Court's responsibility in reviewing the trial court's decision on the motion to suppress is to ensure that there was a substantial basis for the trial court's decision. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

---

[1] MDMA is a Schedule I controlled substance denominated 3, 4 Methylenedioxymethamphetamine. OCGA § 16-13-25 (3) (Z).

*Carson v. State*, 278 Ga. App. 501, 502 (629 SE2d 487) (2006).

Hurley argues that the search of her vehicle was illegal under OCGA § 17-5-1, prohibiting a search of the area within the person's immediate presence following a lawful arrest unless the search is conducted to protect the officer from attack, to prevent the person from escaping, or to gather evidence of the crime for which the person has been arrested. Id. at (a) (1)-(4), respectively. We disagree.

Here, there is no claim that Hurley was unlawfully arrested, and we find no violation of Deputy White's authority to search incident to Hurley's arrest. Collectively, the Fourth Amendment, the Georgia Constitution, and OCGA § 17-5-1 grant police officers broad authority to search automobiles pursuant to the incident to arrest exception. See *New York v. Belton*, 453 U. S. 454, 460-466 (101 SC 2860, 69 LE2d 768) (1981); *Johnson v. State*, 268 Ga. App. 867, 868 (602 SE2d 876) (2004). Such authority "extends to the entire passenger compartment of the [vehicle] and any closed containers therein." (Citations and punctuation omitted.) *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999). Accordingly, the trial court did not err in denying Hurley's motion to suppress evidence of the Ecstasy and marijuana found in her car.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 15, 2007 —
RECONSIDERATION DENIED SEPTEMBER 11, 2007 — ▮▮▮▮▮▮

*Charles E. W. Barrow, Leigh S. Schrope*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Candace K. Slezak, Assistant District Attorney*, for appellee.