A08A2159. SMITH v. THE STATE.

(669 SE2d 735)

ANDREWS, Judge.

On appeal from his conviction for obstruction and giving a false name to a police officer, Perry Smith argues that the evidence is insufficient. We affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer

enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that Smith was a passenger in a car driven by his sister Latasha when she was stopped for a tag light violation. When the officer making the stop approached the car and asked Latasha for her license, she handed him a faded photocopy of an Alabama driver's license. The officer then asked Latasha for her name and date of birth, which she provided. A computer check showed that Latasha was not licensed in either Georgia or Alabama.

A second officer who had arrived on the scene asked Smith for his name and whether he had identification and a license. Smith responded that his name was Tianthony Smith and that his birth date was April 12, 1983. This information called up no driving record, however. When the first officer asked Latasha again what her brother's name was, she responded: "His name is Perry. I mean, Tianthony." When the officer asked her to explain her contradictory response, she said that Perry was the name of another brother in Alabama. The first officer then took Latasha to the back seat of his patrol car.

Both officers returned to Smith and asked again what his name was. Smith responded, "Tianthony Smith." The officers asked what his birth date was. Smith responded, "October. I mean, April." The officers then asked Smith to step out of the car so that they could arrest him for giving a false name. As the officers attempted to handcuff him, Smith began to punch the second officer and fled. He was apprehended after an extensive pursuit and further resistance, including punches to the first officer.

Smith argues that the evidence was insufficient to sustain his conviction because the officers were not engaged in the lawful discharge of their official duties when they arrested him. We disagree.

The United States Supreme Court has recently established that when the driver of a car is pulled over by police, a passenger in the same car has been detained for purposes of the Fourth Amendment because no reasonable person would believe that he was free to leave under such circumstances. *Brendlin v. California*, 551 U. S. 249 (127 SC 2400, 168 LE2d 132) (2007); see also *Reynolds v. State*, 280 Ga. App. 712, 715 (634 SE2d 842) (2006) (attempting to flee a traffic investigative stop is a crime "regardless of the propriety of an officer's basis" for making the stop).

Even in the absence of any reasonable suspicion that Smith himself had committed a crime, police were engaged in the lawful discharge of their duties when, having lawfully removed Latasha Smith from the car she was driving, they attempted to determine whether her brother could drive the car home by asking his name and whether he was licensed to drive, and when they checked the veracity of the information he gave them. See *State v. Menezes*, 286 Ga. App. 280, 282-283 (648 SE2d 741) (2007) (noting the absence of evidence that the arresting officer unreasonably detained the defendant passenger in the course of issuing the driver a citation).

When Smith gave false identifying information to officers thus engaged in the lawful discharge of their duties, he provided them with probable cause for his arrest. See *Wynn v. State*, 236 Ga. App. 98, 100 (511 SE2d 201) (1999) (where police officers' questioning of defendant driver was "more than a consensual inquiry and was within the scope of the officers' official duties," a jury could determine that defendant's use of a false name was a violation of OCGA § 16-10-25). Compare *Holt v. State*, 227 Ga. App. 46, 50 (487 SE2d 629) (1997) (officer's observation of defendant passenger's "furtive movements" did not provide justification for questions concerning identification); *State v. Bishop*, 188 Ga. App. 881, 882 (374 SE2d 808) (1988) (affirming the grant of defendant passenger's motion to suppress results of alco-sensor test where the officer had already arrested driver and asked for passenger's license in the course of investigating whether the passenger was guilty of underage drinking).

It follows that the evidence was sufficient to sustain Smith's conviction for giving false identifying information to and obstruction of law enforcement officers engaged in the lawful discharge of their official duties. OCGA §§ 16-10-24 (a), (b) (defining obstruction), 16-10-25 (defining giving a false name, address, or birth date to law enforcement officers); *Jackson*, supra.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 20, 2008.

*Mark A. Yurachek*, for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Alston C. McNairy, Assistant District Attorneys*, for appellee.