## A08A1915. SPENCE v. THE STATE.
### (672 SE2d 538)

SMITH, Presiding Judge.

Marquitus J. Spence appeals from the denial of his motion for new trial following his conviction at a bench trial[1] of possession with intent to distribute cocaine (Count 1), theft by receiving stolen property (Count 4), and possession of a firearm by a convicted felon (Count 5).[2] Spence contends that the trial court improperly denied his motion to suppress. We disagree and affirm.

"On appeal from a denial of a motion to suppress, this Court must construe the evidence most favorably to uphold the ruling of the trial court. Furthermore, the trial court's application of law to facts which are undisputed is subject to de novo review." (Citations and footnote omitted.) *Jones v. State*, 253 Ga. App. 870 (560 SE2d 749) (2002). The trial court's findings should not be disturbed if there is any evidence to support them, and its credibility determinations must be accepted unless clearly erroneous. *Perez v. State*, 249 Ga. App. 399-400 (547 SE2d 699) (2001).

So viewed, the evidence showed that, at approximately 12:50 a.m. on November 3, 2006, a Marietta Police Department sergeant was patrolling the Cobb Parkway area near the North Loop.[3] He heard a radio transmission from a Marietta patrol officer asking for uniformed units to assist in stopping a gold Acura driven by an African-American male. The car was traveling at a high rate of speed westbound on Washington Avenue, which runs behind the Cobb County Courthouse in Marietta. The officer said he was going 80 mph and could not catch up to the vehicle. The officer broadcast that he saw the vehicle turn right onto Ayers Avenue where he lost sight of it.

According to the sergeant, this turn would mean that the vehicle would be heading toward the North Loop/Highway 41 area where he was located, less than a mile away from Washington Avenue. He testified that if a vehicle turned right on Ayers Avenue, went a quarter of a mile, and turned left, Amy Drive would take it onto the

---

[1] Following the denial of his motion to suppress, the matter was submitted to the trial court on that testimony and additional stipulated facts.

[2] Count 2 (possession of cocaine) merged into Count 1 and a nolle prosequi was entered on Count 3 (possession of a firearm during commission of a felony).

[3] Also known as the North Marietta Parkway and the 120 Loop.

North Loop. Within a minute or so of hearing the radio transmission, the sergeant observed a vehicle similar to the one in the lookout turn quickly off Amy Drive onto the North Loop. The sergeant described the vehicle as a "gold, beige colored looking vehicle" and said it was the only vehicle he saw on the North Loop. The car then very quickly turned into the Days Inn parking lot. Believing this could be the car seen by the patrol officer, the sergeant pulled into the Days Inn front parking lot, but did not find the car. He then pulled around to the rear parking lot and saw the car backing into a parking space. The car was a beige Pontiac, which, according to the sergeant, could have been misconstrued as gold at that time of night. Also, according to the sergeant, "the Pontiac emblem and Acura emblem are very similar, similar in description as almost an arrow kind of deal."

The sergeant pulled his car close to the parked Pontiac, but did not block it in. He got out of his patrol car and told the African-American male getting out of the Pontiac, later identified as Spence, to come over, he wanted to talk to him. The officer also asked him if he had a driver's license. Spence walked toward the sergeant, who told him to stand in front of his car, which Spence did. When the sergeant reached into his patrol car for his microphone to call the patrol officer to the scene to identify the car, Spence ran. The sergeant yelled for Spence to stop and then broadcast that he was in a foot pursuit. He chased Spence in the back door of the Days Inn, up a flight of stairs, through the lobby, and across the North Loop. A second Marietta patrol officer had to chase and tackle Spence to stop him. Spence was then arrested for obstruction. Upon searching Spence's car, the officers found a .40-caliber Ruger, which had been reported stolen, and over 20 grams of cocaine. The first patrol officer, who initiated the pursuit, arrived and told the sergeant that the Pontiac "looked like the vehicle" he had pursued.

> *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), recognizes that although a police officer may not have probable cause to arrest someone, if there is a reasonable suspicion of criminal wrongdoing, based upon specific and articulable facts from which it can be determined that the action of the police officer is not arbitrary or harassing, the police officer may make a brief, investigatory detention of the individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information.

(Citation omitted.) *Hamm v. State*, 259 Ga. App. 412, 413 (577 SE2d 85) (2003).

We take judicial notice that the city of Marietta is wholly located

with the boundaries of Cobb County and is the county seat of the Cobb Judicial Circuit. OCGA § 15-6-1 (11); see *Hubbard v. State*, 208 Ga. 472, 473 (3) (67 SE2d 562) (1951); see *Guess v. Morgan*, 196 Ga. 265, 273 (5) (26 SE2d 424) (1943). Therefore, the maximum speed limit around the courthouse in Marietta is, at most, 30 mph. OCGA § 40-6-181 (b) (1).[4]

The patrol officer observed a car exceeding the speed limit on an urban roadway and put out a call for assistance to stop the car. This patrol officer had probable cause to effect a traffic arrest at this point. See *Patton v. State*, 287 Ga. App. 18, 20-21 (650 SE2d 733) (2007) (speeding provides basis for stop); *Baker v. State*, 202 Ga. App. 73, 74 (1) (413 SE2d 251) (1991) (officer may arrest offender for a traffic violation).

The sergeant, within a mile of the patrol officer, saw a car resembling the car described and followed it into a motel parking lot to investigate. The sergeant did not activate his blue lights or require the car to stop. Instead, he approached a car that was already parked and asked to speak with the driver. Under *Terry v. Ohio*, supra, the sergeant had the right to momentarily detain Spence in order to determine his identity or to maintain the status quo while obtaining more information, thereby elevating this to a second tier encounter under *Terry*, supra. The sergeant had a reasonable and articulable suspicion of criminal activity having occurred. *Cobb v. State*, 244 Ga. 344 (260 SE2d 60) (1979) (descriptions of automobiles need not exactly match for officer to consider the information); *Creecy v. State*, 235 Ga. 542-543 (221 SE2d 17) (1975); *Gray v. State*, 207 Ga. App. 648, 650 (2) (428 SE2d 663) (1993). The sergeant asked for Spence's driver's license, which he had the right to do,[5] and reached into his car to call the patrol officer to verify this was the speeding car. At that point, Spence ran away.

"Flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search ([cit.]); certainly these circumstances gave rise to an articulable suspicion that a criminal act may have been occurring so as to authorize a brief investigatory stop." *State v. Smalls*, 203 Ga. App. 283, 286 (2) (416 SE2d 531) (1992). See also *United States v. Briggman*, 931 F2d 705, 708-709 (11th Cir. 1991) (investigatory stop proper when experienced police officer observed suspect parked in a parking lot in a high crime area at 4:00 a.m., when all the nearby commercial establish-

---

[4] While the governing authority of an incorporated municipality or county may lower this speed limit, it may not raise it. OCGA § 40-6-183 (a).

[5] See *Fernandez v. State*, 275 Ga. App. 151, 157 (3) (b) (i) (619 SE2d 821) (2005).

ments were closed, and the suspect drove away from the officer in an evasive manner).

Because Spence fled when the sergeant had a particularized and objective basis for suspecting that he was the person recently seen by the patrol officer violating the law, the sergeant was authorized to chase and briefly detain Spence to complete his investigation. The second patrol officer had to tackle Spence to stop him and therefore had probable cause to arrest him for obstruction. *McClary v. State*, 292 Ga. App. 184, 187 (663 SE2d 809) (2008).

Consequently, after Spence was arrested for misdemeanor obstruction, the officers could lawfully search the interior of the car.[6] OCGA § 17-5-1; see *Hurley v. State*, 287 Ga. App. 482, 483 (651 SE2d 748) (2007); *Tutu v. State*, 252 Ga. App. 12, 13-14 (1) (555 SE2d 241) (2001). Therefore, there was no error in the trial court's denial of Spence's motion to suppress.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JANUARY 16, 2009.

*Justin J. Wyatt*, for appellant.

*Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney*, for appellee.

---

[6] Spence's argument that the "officers had no legal right to search Appellant's vehicle incident to arrest for misdemeanor obstruction" is devoid of any legal citations in support of it.

