**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 12, 2016**

# In the Court of Appeals of Georgia

A16A0161. LOVELESS v. THE STATE.

RICKMAN, Judge.

Following a stipulated bench trial, Gary Matthews Loveless was convicted of trafficking in methamphetamine, driving without a license, giving false information to a law enforcement officer, and obstruction of an officer. On appeal, he contends that the trial court erred by failing to suppress evidence unlawfully seized following a traffic stop based upon a check of State-maintained computerized records. He also contends that the trial court erred in failing to suppress the evidence because the seizure was based on personal information protected by OCGA § 40-5-2 and by the federal Driver's Privacy Protection Act of 1994, 18 USC § 2721, et seq. (the "DPPA"). We affirm.

On appeal from a denial of a motion to suppress, this Court must construe the evidence most favorably to uphold the ruling of the trial court. Furthermore, the trial court's application of law to facts which are undisputed is subject to de novo review. The trial court's findings should not be disturbed if there is any evidence to support them, and its credibility determinations must be accepted unless clearly erroneous.

(Citations and punctuation omitted.) *Spence v. State*, 295 Ga. App. 583 (672 SE2d 538) (2009).

The undisputed facts from the motion to suppress hearing show that on January 19, 2015, an officer with the Cobb County Police Department was patrolling the parking lot of a hotel on Powers Ferry Road. He saw Loveless and Beverly Baird (Loveless's co-defendant) walking from the hotel to two cars parked near where the officer was parked. Loveless walked to a maroon Toyota Scion and Baird walked to a tan Ford Explorer. The officer ran the tags on both vehicles and learned that Baird was a co-owner of the Scion and that the Explorer was registered to Loveless.[1] The officer also ran a driver's license check on the owner of the Explorer, thereby obtaining the status of Loveless's driver's license and Loveless's driver's license

[1] Prior to observing Loveless and Baird, the officer had checked the license plates of some of the other vehicles in the parking lot.

photograph. As a result of these checks, the officer learned that Loveless's driver's license was suspended and that he was wanted for a parole violation on a methamphetamine trafficking charge.

The officer followed the Toyota Scion driven by Loveless out of the parking lot and onto Powers Ferry Road, where he initiated a traffic stop after observing a cracked taillight on the vehicle. The crack in the taillight was approximately three inches long and there was also a hole in the lens. The officer approached the vehicle and informed Loveless that he had pulled him over because of the crack in the taillight. When the officer asked for his driver's license, Loveless said that he did not have it with him, and provided a false name (Christopher Bailey) and date of birth. The officer ran a GCIC search on the name and date of birth provided by Loveless, but found no record of any such person ever being licensed in the State of Georgia. When the officer asked Loveless his name a second time, he again provided the same answer, but had trouble spelling the first name.

At this point, the officer asked Loveless to exit the vehicle and informed him that it was a crime to give false information to an officer. The officer then handcuffed Loveless and asked him if he had heard the name Gary Loveless, to which Loveless replied, "That's my name." After placing Loveless in handcuffs, the officer searched

3

Loveless and emptied his pockets. In his pockets, Loveless had a wallet containing $2,200 in cash and a glass pipe containing methamphetamine residue. While the officer was unlocking his patrol car, Loveless started running away, but was apprehended and placed into the back of the patrol car. The Scion was ultimately searched for drugs and a trafficking amount of methamphetamine was found inside the vehicle.

Loveless filed a motion to suppress the evidence seized at the traffic stop, alleging that the stop was illegal and that the search of his person and of "his motor vehicle" were both unconstitutional. Following a hearing , the trial court denied the motion. At trial, the parties stipulated to the facts set forth in the trial court's order and the facts that, after a drug dog responded to the scene, Loveless told the officers that the methamphetamine was located "in a little grocery sack under one of my shirts; backseat, back floorboard" of the vehicle, and the drug dog alerted to a grocery bag in that location. The material inside the bag weighed 287.98 grams, and 220.11 grams of that material tested positive for methamphetamine. The trial court sentenced Loveless to a life term, to serve 25 years in confinement and the remainder on probation. Loveless appeals the denial of his motion to suppress and his conviction.

1. Loveless contends that the trial court erred by denying his motion to suppress evidence that was unlawfully seized, without a warrant, following a traffic stop that was not supported by observable facts and was undertaken only after the officer accessed "computer stored information" about the Explorer's license plate and Loveless's driver's license.

"All that is required to initiate a traffic stop is specific and articulable facts that provide a reasonable suspicion that the individual being stopped is engaged in criminal activity." (Citation and punctuation omitted.) *Valentine v. State*, 323 Ga. App. 761, 763 (1) (748 SE2d 122) (2013). "Under the U. S. Constitution, a traffic stop is reasonable where the police have probable cause to believe that a traffic violation has occurred." (Punctuation omitted.) *Maxwell v. State*, 249 Ga. App. 747, 748 (549 SE2d 534) (2001), citing *Whren v. United States*, 517 U. S. 806 (116 SCt 1769, 135 LEd2d 89) (1996). And the constitutional reasonableness of a traffic stop does not depend on the "actual motivations of the individual officers involved" as "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U. S. at 813(II) (A); see *Valentine*, 323 Ga. App. at 763-764 (1) (suppression motion arguing that traffic stop was pretextual

necessarily fails where officer observes the motorist committing even a minor traffic violation).

Here, the officer testified that when he followed the Scion driven by Loveless, he observed a three-inch crack in the taillight and a hole in the lens. Pursuant to OCGA § 40-8-26 (d), "[a]ll lenses on brake lights and signal devices shall be maintained in good repair and shall meet manufacturers' specifications." And it "is a misdemeanor for any person to drive or move . . . on any street or highway any vehicle . . . [w]hich does not contain those parts or is not at all times equipped with such lights and other equipment in proper condition and adjustment as required in this chapter. . . ." OCGA § 40-8-7 (b) (2). The officer's observation of even this minor traffic violation constituted a valid basis for the stop. See *Valentine*, 323 Ga. App. at 763-764 (1); *Parker v. State*, 307 Ga. App. 61, 62 (1) (704 SE2d 438) (2010); *Quick v. State*, 279 Ga. App. 835, 837 (632 SE2d 742) (2006). And "[i]n light of the officer's testimony, the trial court was authorized to find that the traffic stop was justified by specific articulable facts giving the officer a reasonable suspicion of a traffic violation. . . ." See *Parker*, 307 Ga. App. at 62 (1).

After he had been stopped, Loveless gave the officer a false name and date of birth, in violation of OCGA § 16-10-25.[2] This violation provided the officer with probable cause to arrest Loveless. See *Smith v. State*, 294 Ga. App. 761, 763 (669 SE2d 735) (2008) (when car passenger gave false identifying information to officers during traffic stop for tag light violation, he provided them with probable cause for his arrest); *State v. Roberson*, 165 Ga. App. 727, 729 (2) (302 SE2d 591) (1983) (when officer asked car passenger his name and a response known to the officer to be false was given, officer was authorized to arrest passenger for violating OCGA § 16–10–25). Once Loveless was placed under arrest, the officers "were authorized to search his person for weapons or contraband incident to that arrest." *Polk v. State*, 200 Ga. App. 17 (406 SE2d 548) (1991). The officers were also entitled to search the vehicle's passenger compartment incident to Loveless's arrest, "and the contraband found in the course of that search was admissible in evidence." *Garcia v. State*, 293 Ga. App. 422, 425 (1) (667 SE2d 205) (2008).

---

[2] OCGA § 16-10-25 provides that "[a] person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor."

2. Given our holding in Division 1, we need not address Loveless's additional claims that the evidence should have been suppressed because its seizure was based on information protected by OCGA § 40-5-2 (b) and the DPPA.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur*.